# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 70 Huntington Street, New London, CT 06320 | ( 860 ) 443-5363 | **August** | **11** | **, 2009** |
| | | Month | Day | Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | New London | Major: T | Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Berdon Young & Margolis, PC | 003487 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 772-3740 | |

| Number of Plaintiffs: | Number of Defendants: 13 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: **Ultegra, LLC**<br>Address: c/o Gretchen Chipperini, Agent for Service, 87 Phoenix Drive, Groton, CT 06430 | P-01 |
| Additional Plaintiff | Name: **Gretchen Chipperini**<br>Address: 87 Phoenix Drive, Groton, CT 06430 | P-02 |
| First Defendant | Name: **Mystic Fire District**<br>Address: c/o Barbara Murch, Clerk, 34 Broadway, Mystic, CT 06355 | D-50 |
| Additional Defendant | Name: **Town of Groton**<br>Address: c/o Town Clerk, 45 Fort Hill Road, Groton, CT 06340 | D-51 |
| Additional Defendant | Name: **Town of Stonington**<br>Address: c/o Town Clerk, 152 Elm Street, Stonington, CT 06378 | D-52 |
| Additional Defendant | Name: **Christopher Wilkins**<br>Address: 34 Broadway, Mystic, CT 06355 | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Peter A. Berdon | Date signed<br>7/ 16 /09 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | | Date |
|---|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Linda Steinman, 132 Temple Street, New Haven, CT 06510

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date 7/16/09 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**Ultegra, LLC**

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
**Mystic Fire District**

**ADDITIONAL PLAINTIFFS**

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| Inge Chipperini | 87 Phoenix Drive, Groton, CT 06340 | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

**ADDITIONAL DEFENDANTS**

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| Frank C. Hilbert | 43 Ensign Drive, Mystic, CT 06355 | 54 |
| Anthony P Manfred, Jr. | 201 Daniel Brown Drive, Mystic, CT 06355 | 55 |
| Christopher May | 120 Hewitt Road, Mystic, CT 06355 | 56 |
| John H. Kennedy | 7 Conrad Street, Mystic, CT 06355 | 57 |
| Kyle Hilbert | 121 Hewitt Road, Mystic, CT 06355 | 58 |
| Chris Paige | 23 Greenway Road, Groton, CT 06340 | 59 |
| Brian Molkenthin | 137 Elm Ridge Road, Pawcatuck, CT 06379 | 60 |
| Nick Allyn | 80 Barnes Road, Stonington, CT 06378 | 61 |
| William A. Celtruda | Inmate No.361946, Corrigan-Radgowski Correctional Center 986 Norwich-New London Tpke, Uncasville, CT 06382 | 62 |
| | | 63 |

FOR COURT USE ONLY - FILE DATE

DOCKET NO.

CIVIL SUMMONS-Continuation

RETURN DATE:     AUGUST 11, 2009          :          SUPERIOR COURT

ULTEGRA, LLC, GRETCHEN CHIPPERINI
AND INGE CHIPPERINI                                    :          J.D. OF NEW LONDON

VS.                                                                :          AT NEW LONDON

MYSTIC FIRE DISTRICT, TOWN OF GROTON,
TOWN OF STONINGTON, CHRISTOPHER
WILKINS, FRANK C. HILBERT, ANTHONY
P. MANFREDI, JR., CHRISTOPHER MAY,
JOHN H. KENNEDY, KYLE HILBERT, CHRIS
PAIGE, BRIAN MOLKENTHIN, NICK ALLYN
AND WILLIAM CELTRUDA                              :          JULY 16, 2009

## COMPLAINT

COUNT ONE (Negligence -- Christopher Wilkins)

1.      On July 25, 2008 and at all times relevant hereto, the Plaintiff, Ultegra, LLC, was
the owner of a certain piece or parcel of property with improvements located thereon located at
23 Library Street in the Town of Groton, (the "Property").

2.      As of July 24, 2008, there was located upon the Property two (2) structures, a
house and a garage.

3.      At all times relevant hereto, the Plaintiff, Gretchen Chipperini, was the ultimate
beneficial owner of the plaintiff, Ultegra, LLC and had located upon the Property, certain items
of personal property and personal effects.

4.      At all times relevant hereto, the Plaintiff, Inge Chipperini, the mother of Gretchen
Chipperini, had located upon the Property, certain items of personal property and personal
effects.

5.    The Defendant, Mystic Fire District is a body politic and corporate established by a special act of the legislature of the State of Connecticut adopted on March 25, 1879.

6.    The Defendant, Mystic Fire District, was granted by virtue of said public act, the power to organize within the district one or more fire companies as may be deemed necessary to fully protect the district from danger by fire.

7.    At all times relevant hereto, the Defendant, Mystic Fire District, owned, operated and controlled the Hoxie Fire Station located at 34 Broadway in Mystic, Connecticut.

8.    At all times relevant hereto, the Defendant, Christopher Wilkins, was the Chairman of the Mystic Fire District, with the power and authority to control the operations of the Mystic Fire District and to establish and/or enforce the policies and procedures of the Mystic Fire District and was charged with the duty of protecting persons and property from injury and/or damage by fire.

9.    At all times relevant hereto, the Defendant, Frank C. Hilbert was the Chief and Fire Marshal of the Mystic Fire District, with the power and authority to control the operations of the Mystic Fire District and to establish and/or enforce the policies and procedures of the Mystic Fire District and was charged with the duty of protecting persons and property from injury and/or damage by fire.

10.    At all times relevant hereto, the Defendant, Anthony P. Manfredi, Jr., was a the Assistant Chief of the Mystic Fire District, with the power and authority to control the operations of the Mystic Fire District and to establish and/or enforce the policies and procedures of the Mystic Fire District and was charged with the duty of protecting persons and property from injury and/or damage by fire.

11.    At all times relevant hereto, the Defendant, John H. Kennedy, was a the Treasurer of the Mystic Fire District, with the power and authority to control the operations of the Mystic

Fire District and to establish and/or enforce the policies and procedures of the Mystic Fire District and was charged with the duty of protecting persons and property from injury and/or damage by fire.

12.     At all times relevant hereto, the Defendant, Christopher May, was a the Captain of the Hoxie Company of the Mystic Fire District, with the power and authority to control the operations of the Hoxie Company and to establish and/or enforce the policies and procedures of the Hoxie Company and was charged with the duty of protecting persons and property from injury and/or damage by fire.

13.     At all times relevant hereto, the Defendant, Kyle Hilbert, was a First Lieutenant within the Mystic Fire District charged with the duty of protecting persons and property from injury and/or damage by fire.

14.     On the evening of July 24, 2008 and the morning of July 25, 2008, the Defendant, Kyle Hilbert, was the officer in charge at the Hoxie Fire Station and was charged with enforcing the policies and procedures of the Hoxie Company and/or the Mystic Fire District.

15.     On the evening of July 24, 2008 and the morning of July 25, 2008, the Defendant, Kyle Hilbert, was the officer in charge at the Hoxie Fire Station and during said time period he had the power and authority to control the operations of the Hoxie Company and to direct and control the firefighters then on duty in accordance with the policies and procedures of the Hoxie Company and/or the Mystic Fire District.

16.     At all times relevant hereto, the Defendants, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, were fire fighters within the Fire District of Mystic charged with the duty of protecting persons and property from injury and/or damage by fire.

17.     The Defendants, Frank C. Hilbert, Anthony P. Manfredi, Jr., John H. Kennedy Christopher May, Kyle Hilbert, Chris Paige, Brian Molkenthin, and Nick Allyn are collectively hereinafter referred to as the "Individual Defendants".

18.     At all times relevant hereto, the Defendant, William Celtruda, was on probationary status and was being trained by the Mystic Fire District as a firefighter.

19.     On July 24, 2008, the Defendants, Kyle Hilbert, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, were on duty at the Mystic Fire District, Hoxie Station and were to spend the night at the fire station.

20.     During the evening of July 24, 2008 and into the morning of July 25, 2008, the Defendants, Kyle Hilbert, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, while on duty, consumed beverage alcohol provided by and/or permitted to be consumed by the Mystic Fire District.

21.     The Defendants, Kyle Hilbert, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, consumed beverage alcohol to the point of becoming intoxicated.

22.     As a result of being intoxicated the Defendants, Kyle Hilbert, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, suffered a diminishment of their judgment and faculties.

23.     During the course of the evening of July 24, 2008 and the early morning hours of July 25, 2008, the Defendants, Kyle Hilbert, Christ Paige, Brian Molkenthin and Nick Allyn, taunted and teased the Defendant, William Celtruda, that he had never fought a structural fire.

24.     At approximately 2:00 a.m. in the morning of July 25, 2008, the Defendant, Kyle Hilbert and the Defendant, William Celtruda, broke a plastic table in the meeting room of the Mystic Fire District, Hoxie Station.

25. The Defendants, Kyle Hilbert and William Celtruda, then removed the table outside and set the table on fire through the use of solvent cleaner and acetone.

26. On or about 3:30 a.m. on July 25, 2008, the Defendants, Kyle Hilbert and William Celtruda, returned to the bunkroom of the fire station to retire for the night.

27. The Defendants, Kyle Hilbert, Chris Paige and Brian Molkenthin, prevented the defendant, William Celtruda, from sleeping in the bunkroom, at which point in time, Defendant, William Celtruda, left the Hoxie Fire Station.

28. Upon leaving Hoxie Fire Station, the defendant, William Celtruda, in his drunken and intoxicated state, proceeded to 23 Library Street where he set fire to the house located upon the property.

29. In the early morning hours of July 25, 2008 the Defendants, Kyle Hilbert, Chris Paige, Brian Molkenthin, Nick Allyn and William Celtruda, responded to the fire alarm for the fire at 23 Library Street on Engine 52 of the Mystic Fire Distict while still in a drunken and intoxicated state.

30. The Defendant, Kyle Hilbert, drove Engine 52 from the Hoxie Station to 23 Library Street while still in a drunken and intoxicated state.

31. As a result of the actions and/or inactions of the Defendants and the resultant fire, the house located on the Property was significantly damaged and destroyed, all to the financial loss and detriment of the Plaintiff, Ultegra, LLC.

32. As a further result of the actions and/or inactions of the Defendants and the resultant fire, the personal property and personal effects of the Plaintiffs, Gretchen Chipperini and/or Inge Chipperini, were totally destroyed all to their loss and detriment.

33.     As a further result of the actions and/or inactions of the Defendants and the resultant fire, the Plaintiffs, Gretchen Chipperini and Inge Chipperini, were forced to suffer emotional distress.

34.     On January 20, 2009, the Plaintiffs provided notice to the Defendants, pursuant to Sections 7-308 and 7-465 of the Connecticut General Statutes of their intent to this bring action.

35.     The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Defendant, Christopher Wilkins, in that he failed to:

       a. Provide for the proper training and supervision of the firefighters and officers of the Fire District, including but not limited to Defendant, William Celtruda;

       b. Establish and/or enforce policies prohibiting the consumption of beverage alcohol by and/or the intoxication of firefighters while on duty;

       c. Establish and/or enforce policies to prevent hazing, mistreatment and/or taunting of junior firefighters;

       d. Establish and/or implement proper procedures to psychologically screen prospective firefighters;

       e. Intervene and prevent the setting of the fire; and/or

       f. Permitted firefighters who were under the influence of beverage alcohol to participate in fire department operations and/or duties in violation of NFPA 1500 and/or NFPA 1500 Section 10.1.5.

COUNT TWO (Civil Rights Action – Christopher Wilkins)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.     At all times relevant hereto, the Defendant, William Celtruda, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

36.     The Defendant, Christopher Wilkins, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

COUNT THREE (Negligence as to Frank C. Hilbert)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Defendant, Frank C. Hilbert, in that he failed to:

   a. Provide for the proper training and supervision of the firefighters and officers of the Fire District, including but not limited to the defendant, William Celtruda;

   b. Establish and/or enforce policies prohibiting the consumption of beverage alcohol by and/or the intoxication of firefighters while on duty;

   c. Establish and/or enforce policies to prevent hazing, mistreatment and/or taunting of probationary firefighters;

   d. Establish and/or implement proper procedures to psychologically screen prospective firefighters;

   e. Intervene and prevent the setting of the fire; and/or

   f. Permitted firefighters who were under the influence of beverage alcohol to participate in fire department operations and/or duties in violation of NFPA 1500 and/or NFPA 1500 Section 10.1.5.

## COUNT FOUR (Civil Rights Action – Frank C. Hilbert)

1-35.   The Plaintiffs repeat and re-allege paragraphs 1 through 35 of Count Three as if fully set forth herein.

36.   At all times relevant hereto, the Defendant, Frank C. Hilbert, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

37.   The Defendant, Frank C. Hilbert, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

## COUNT FIVE (Negligence as to Anthony P. Manfredi, Jr.)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Defendant, Anthony P. Manfredi, Jr., in that he failed to:

      a.  Provide for the proper training and supervision of the firefighters and officers of the Fire District, including but not limited to Defendant, William Celtruda;

      b.  Establish and enforce policies prohibiting the consumption of beverage alcohol by firefighters while on duty;

      c.  Establish and enforce policies to prevent hazing, mistreatment and/or taunting of probationary firefighters;

      d.  Establish and implement proper procedures to psychologically screen prospective firefighters;

    e. Intervene and prevent the setting of the fire; and/or

    f. Permitted firefighters who were under the influence of beverage alcohol to participate in fire department operations and/or duties in violation of NFPA 1500 and/or NFPA 1500 Section 10.1.5.

## COUNT SIX (Civil Rights Action – Anthony P. Manfredi, Jr.)

1-35.  The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count Five as if fully set forth herein.

36.  At all times relevant hereto, the Defendant, Anthony P. Manfredi, Jr., was acting as a firefighter for the Mystic Fire District and acting under the color of law.

37.  The Defendant, Anthony P. Manfredi, Jr., caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

## COUNT SEVEN (Negligence as to Christopher May)

1-34.  The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.  The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Defendant, Christopher May,  in that he failed to:

    a. Provide for the proper training and supervision of the firefighters and officers of the Fire District, including but not limited to Defendant, William Celtruda;

    b. Establish and/or enforce policies prohibiting the consumption of beverage alcohol by and/or intoxication of firefighters while on duty;

c. Establish and/or enforce policies to prevent hazing, mistreatment and/or taunting of probationary firefighters;

d. Establish an/or implement proper procedures to psychologically screen prospective firefighters;

e. Intervene and prevent the setting of the fire; and/or

f. Permitted firefighters who were under the influence of beverage alcohol to participate in fire department operations and/or duties in violation of NFPA 1500 and/or NFPA 1500 Section 10.1.5.

## COUNT EIGHT (Civil Rights Action – Christopher May)

1-35.   The Plaintiffs repeat and re-allege paragraphs 1 through 35 of Count Seven as if fully set forth herein.

36.   At all times relevant hereto, the Defendant, Christopher May, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

37.   The Defendant, Christopher May, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

## COUNT NINE (Negligence as to John H. Kennedy)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Defendant, John H. Kennedy, in that he failed to:

BERDON, YOUNG & MARGOLIS, P. C. – ATTORNEYS AND COUNSELORS AT LAW
132 TEMPLE STREET – NEW HAVEN, CONNECTICUT 06510 – 203–772–5740
JURIS NO. 03487

a. Provide for the proper training and supervision of the firefighters and officers of the Fire District, including but not limited to Defendant, William Celtruda;

b. Establish and/or enforce policies prohibiting the consumption of beverage alcohol by and/or intoxication of firefighters while on duty;

c. Establish and/or enforce policies to prevent hazing, mistreatment and/or taunting of probationary firefighters;

d. Establish and/or implement proper procedures to psychologically screen prospective firefighters;

e. Intervene and prevent the setting of the fire; and/or

f. Permitted firefighters who were under the influence of beverage alcohol to participate in fire department operations and/or duties in violation of NFPA 1500 and/or NFPA 1500 Section 10.1.5.

COUNT TEN (Civil Rights Action – John H. Kennedy)

1-35.   The Plaintiffs repeat and re-allege paragraphs 1 through 35 of Count Nine as if fully set forth herein.

36.   At all times relevant hereto, the Defendant, John H. Kennedy, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

37.   The Defendant, John H. Kennedy, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

COUNT ELEVEN (Negligence as to Kyle Hilbert)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

COUNT TWELVE (Civil Rights Action – Kyle Hilbert)

1-36.    The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein.

37.    At all times relevant hereto, the Defendant, Kyle Hilbert, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

38.    The Defendant, Kyle Hilbert, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

COUNT THIRTEEN (Wanton and Reckless conduct – Kyle Hilbert)

1-36.    The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein.

37.    The fire and resultant loss of property and emotional distress was the result of the wanton and reckless conduct of the Defendant, Kyle Hilbert, in that:

      a.  he failed to prevent the consumption of beverage alcohol by firefighters while on duty and himself consumed beverage alcohol to the point of becoming intoxicated when he knew or should have known said consumption of beverage would result in the diminishment of his judgment and faculties, all in violation of the rules, policies and/or procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

      b.  he furnished beverage alcohol to the Defendant, William Celtruda, while on duty causing him to become intoxicated resulting in the loss of his judgment and faculties when he knew the defendant, William Celtruda, desired to fight a structural fire all in violation of the policies, rules and procedures of the Mystic fire District and/or Hoxie Company;

      c.  he failed to prevent the hazing, mistreatment and/or taunting of William Celtruda when he knew that William Celtruda wanted to fight a structural fire

35.   At all times relevant hereto, the Mystic Fire District had in place a policy, rule and/or regulation which prohibited firefighters from consuming beverage alcohol while on duty, from being intoxicated while on duty and/or from consuming beverage alcohol in the fire houses operated and controlled by the Mystic Fire District.

36.   The fire and resultant loss of property and emotional distress was the result of the negligence and carelessness of the Defendant, Kyle Hilbert, in that:

   a.  he failed to properly train and/or supervise the Defendant, William Celtruda;

   b.  he failed to prevent the consumption of beverage alcohol by other firefighters while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

   c.  he consumed beverage alcohol while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

   d.  he furnished beverage alcohol to the Defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

   e.  he failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company;

   f.  he failed to intervene and prevent the setting of the fire; and/or

   g.  he allowed and/or required the Defendant, William Celtruda, to leave the fire station in an drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

and had participated in starting a fire that night at the fire house all in violation of the policies, rules and procedures of the Mystic fire District and/or Hoxie Company; and/or

d. he permitted and/or required the Defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired and that he wanted to fight a structural fire.

## COUNT FOURTEEN (Negligence as to Chris Paige)

1-36.   The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein

37.    The fire and resultant loss of property and emotional distress was the result of the negligence and carelessness of the Defendant, Chris Paige, in that:

a. he failed to properly train and/or supervise the Defendant, William Celtruda;

b. he failed to prevent the consumption of beverage alcohol by other firefighters while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

c. he consumed beverage alcohol while on duty, while on duty in violation of the policies, rules and procedures of the Mystic fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

d. he furnished beverage alcohol to the Defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

e.  he failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company;

f.  he failed to intervene and prevent the setting of the fire; and/or

h.  he allowed and/or required the Defendant, William Celtruda, to leave the fire station in an drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

## COUNT FIFTEEN (Civil Rights Action – Chris Paige)

1-37.  The Plaintiffs repeat and re-allege paragraphs 1 through 37 of Count Thirteen as if fully set forth herein.

38.  At all times relevant hereto, the Defendant, Chris Paige, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

38.  The Defendant, Chris Paige, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

## COUNT SIXTEEN (Wanton and Reckless conduct – Chris Paige)

1-36.  The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein.

37.  The fire and resultant loss of property and emotional distress was the result of the wanton and reckless conduct of the Defendant, Chris Paige, in that:

a.  he failed to prevent the consumption of beverage alcohol by firefighters while on duty and himself consumed beverage alcohol to the point of becoming intoxicated when he knew or should have known said consumption of beverage

would result in the diminishment of his judgment and faculties, all in violation of the rules, policies and/or procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

b. he furnished beverage alcohol to the defendant, William Celtruda, while on duty causing him to become intoxicated resulting in the loss of his judgment and faculties when he knew the defendant, William Celtruda, desired to fight a structural fire;

c. he failed to prevent the hazing, mistreatment and/or taunting of William Celtruda when he knew that William Celtruda wanted to fight a structural fire and had participated in starting a fire that night at the fire house; and/or

d. he permitted and/or required the Defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired and that he wanted to fight a structural fire.

## COUNT SEVENTEEN (Negligence as to Brian Molkenthin)

1-36.   The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein

37.   The fire and resultant loss of property and emotional distress was the result of the negligence and carelessness of the Defendant, Brian Molkenthin, in that:

a.   he failed to properly train and/or supervise the Defendant, William Celtruda;

b.   he failed to prevent the consumption of beverage alcohol by other firefighters while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

c.   he consumed beverage alcohol while on duty, while on duty in violation of the policies, rules and procedures of the Mystic fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

d.  he furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

e.  he failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company;

f.  he failed to intervene and prevent the setting of the fire; and/or

g.  he allowed and/or required the Defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

## COUNT EIGHTEEN (Civil Rights Action – Brian Molkenthin)

1-37.  The Plaintiffs repeat and re-allege paragraphs 1 through 33 of Count Seventeen as if fully set forth herein.

38.  At all times relevant hereto, the defendant, Brian Molkenthin, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

39.  The Defendant, Brian Molkenthin, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

BERDON, YOUNG & MARGOLIS, P. C. – ATTORNEYS AND COUNSELORS AT LAW
132 TEMPLE STREET – NEW HAVEN, CONNECTICUT 06510 – 203-772-3740
JURIS NO. 03487

COUNT NINETEEN (Wanton and Reckless conduct – Brian Molkenthin)

1-37.   The Plaintiffs repeat and re-allege paragraphs 1 through 33 of Count Seventeen as if fully set forth herein.

38.     The fire and resultant loss of property and emotional distress was the result of the wanton and reckless conduct of the Defendant, Brian Molkenthin, in that:

      a.  he failed to prevent the consumption of beverage alcohol by firefighters while on duty and himself consumed beverage alcohol to the point of becoming intoxicated when he knew or should have known said consumption of beverage would result in the diminishment of his judgment and faculties, all in violation of the rules, policies and/or procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

      b.  he furnished beverage alcohol to the defendant, William Celtruda, while on duty causing him to become intoxicated resulting in the loss of his judgment and faculties when he knew the defendant, William Celtruda, desired to fight a structural fire all in violation of the rules, policies and/or procedures of the Mystic Fire District;

      c.  he failed to prevent the hazing, mistreatment and/or taunting of William Celtruda when he knew that William Celtruda wanted to fight a structural fire and had participated in starting a fire that night at the fire house all in violation of the rules, policies and/or procedures of the Mystic Fire District; and/or

      d.  he permitted and/or required the Defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired and that he wanted to fight a structural fire.

COUNT TWENTY (Negligence as to Nick Allyn)

1-36.   The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein

37.   The fire and resultant loss of property and emotional distress was the result of the negligence and carelessness of the Defendant, Nick Allyn, in that:

      a.  he failed to properly train and/or supervise the Defendant, William Celtruda;

      b.  he failed to prevent the consumption of beverage alcohol by other firefighters while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

      c.  he consumed beverage alcohol while on duty, while on duty in violation of the policies, rules and procedures of the Mystic fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

      d.  he furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

      e.  he failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda in violation of the policies, rules and procedures of the Mystic Fire District and/or the Hoxie Company;

      f.  he failed to intervene and prevent the setting of the fire; and/or

      g.  he allowed and/or required the Defendant, William Celtruda, to leave the fire station in an drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire..

COUNT TWENTY-ONE (Civil Rights Action – Nick Allyn)

1-37.   The Plaintiffs repeat and re-allege paragraphs 1 through 37 of Count Twenty as if fully set forth herein.

38.   At all times relevant hereto, the Defendant, Nick Allyn, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

39.   The Defendant, Nick Allyn, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

COUNT TWENTY-TWO (Wanton and Reckless conduct – Nick Allyn)

1-37.   The Plaintiffs repeat and re-allege paragraphs 1 through 37 of Count Twenty as if fully set forth herein.

38.   The fire and resultant loss of property and emotional distress was the result of the wanton and reckless conduct of the Defendant, Nick Allyn, in that:

    a. he failed to prevent the consumption of beverage alcohol by firefighters while on duty and himself consumed beverage alcohol to the point of becoming intoxicated when he knew or should have known said consumption of beverage would result in the diminishment of his judgment and faculties, all in violation of the rules, policies and/or procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

    b. he furnished beverage alcohol to the defendant, William Celtruda, while on duty causing him to become intoxicated resulting in the loss of his judgment and faculties when he knew the defendant, William Celtruda, desired to fight a structural fire all in violation of the rules, policies and/or procedures of the Mystic Fire District;

    c. he failed to prevent the hazing, mistreatment and/or taunting of William Celtruda when he knew that William Celtruda wanted to fight a structural fire

and had participated in starting a fire that night at the fire house all in violation of the rules, policies and/or procedures of the Mystic Fire District; and/or

d.  he permitted and/or required the Defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Mr. Celtruda was impaired and that he wanted to fight a structural fire.

COUNT TWENTY-THREE (Negligence as to William Celtruda)

1-36.  The Plaintiffs repeat and re-allege paragraphs 1 through 36 of Count Eleven as if fully set forth herein

37.  The fire and resultant loss of property and emotional distress was the result of the negligence and carelessness of the Defendant, William Celtruda, in that:

a.  he consumed beverage alcohol while on duty to the point of becoming intoxicated resulting in the impairment of his judgment and faculties which impairment in judgment allowed him to set the fire;

b.  he consumed beverage alcohol while on duty in violation of the policies, rules and procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

c.  he failed to extinguish the fire; and/or

d.  he failed to call for assistance to help extinguish the fire.

COUNT TWENTY-FOUR (Civil Rights Action – William Celtruda)

1-37.   The Plaintiffs repeat and re-allege paragraphs 1 through 37 of Count Twenty-three as if fully set forth herein.

38.     At all times relevant hereto, the Defendant, William Celtruda, was acting as a firefighter for the Mystic Fire District and acting under the color of law.

39.     The Defendant, William Celtruda, caused the Plaintiffs to be deprived of their property all to their financial loss and in violation of Section 1983 of the Civil Rights Act of the United States (42 USC § 1983).

COUNT TWENTY-FIVE (Wanton and Reckless conduct – William Celtruda)

1-37.   The Plaintiffs repeat and re-allege paragraphs 1 through 33 of Count Twenty-three as if fully set forth herein.

38.     The fire and resultant loss of property and emotional distress was the result of the wanton and reckless conduct of the Defendant, William Celtruda, in that:

   a.  he consumed beverage alcohol to the point of becoming intoxicated when he knew or should have known said consumption of beverage would result in the diminishment of his judgment and faculties, all in violation of the rules, policies and/or procedures of the Mystic Fire District and/or Hoxie Company and/or NFPA 1500 and/or NFPA 1500 Section 10.1.5;

   b.  he left the fire station in a drunken and intoxicated state when he knew or should have known that his judgment was impaired;

   c.  he failed to extinguish the fire; and/or

   d.  he failed to call for assistance to help extinguish the fire

COUNT TWENTY-SIX (Negligence as to Mystic Fire District, pursuant to CGS § 52-557n)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Individual Defendants, in that:

    a.   it failed to properly train and/or supervise the firefighters and officers of the Fire District, including but not limited to the Defendant, William Celtruda, in accordance with the policies, rules and/or procedures of the Mystic Fire District;

    b.   it failed to prevent the consumption of beverage alcohol by firefighters while on duty;

    c.   it failed to prevent the consumption of beverage alcohol by firefighters while on duty and/or failed to prevent firefighters who were intoxicated from engaging in firefighting duties in violation of the polices and procedures of the Mystic Fire District, Hoxie Company and/or NFPA 1500;

    d.   it furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties.

    d.   it failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda;

    e.   it failed to intervene and prevent the setting of the fire; and/or

    f.   it allowed and/or required the defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when it knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

36.   The defendant, Mystic Fire District, is liable to the Plaintiffs for the loss and damages sustained by the

## COUNT TWENTY-SEVEN (Mystic Fire District – C.G.S. § 7-308)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The Mystic Fire District is required to indemnify the Individual Defendants by virtue of C.G.S. § 7-308 and is therefore liable to the Plaintiffs for their loss.

## COUNT TWENTY-EIGHT (Mystic Fire District – C.G.S. § 7-465)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The Mystic Fire District is required to indemnify the Individual Defendants by virtue of C.G.S. § 7-465 and is therefore liable to the Plaintiffs for their loss.

## COUNT TWENTY-NINE (Town of Groton – C.G.S. § 7-308)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.   The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Individual Defendants, in that:

> e.  it failed to properly train and/or supervise the firefighters and officers of the Fire District, including but not limited to the Defendant, William Celtruda, in accordance with the policies, rules and/or procedures of the Mystic Fire District;
>
> f.  it failed to prevent the consumption of beverage alcohol by firefighters while on duty;
>
> g.  it failed to prevent the consumption of beverage alcohol by firefighters while on duty and/or failed to prevent firefighters who were intoxicated from

engaging in firefighting duties in violation of the polices and procedures of the Mystic Fire District, Hoxie Company and/or NFPA 1500;

h.  it furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties.

d.  it failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda;

e.  it failed to intervene and prevent the setting of the fire; and/or

f.  it allowed and/or required the defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when it knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

36.  The Town of Groton is required to indemnify the Individual Defendants and/or the Mystic Fire District by virtue of C.G.S. § 7-308 and is therefore liable to the Plaintiffs for their loss.

## COUNT THIRTY (Town of Groton – C.G.S. § 7-465)

1-34.  The Plaintiffs repeat and re-allege paragraphs 1 through 35 of Count One as if fully set forth herein.

35.  The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Individual Defendants, in that:

a.  it failed to properly train and/or supervise the firefighters and officers of the Fire District, including but not limited to the Defendant, William Celtruda, in accordance with the policies, rules and/or procedures of the Mystic Fire District;

b.  it failed to prevent the consumption of beverage alcohol by firefighters while on duty;

c.  it failed to prevent the consumption of beverage alcohol by firefighters while on duty and/or failed to prevent firefighters who were intoxicated from engaging in firefighting duties in violation of the polices and procedures of the Mystic Fire District, Hoxie Company and/or NFPA 1500;

d.  it furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties.

d.  it failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda;

e.  it failed to intervene and prevent the setting of the fire; and/or

f.  it allowed and/or required the defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when it knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

36.  The Town of Groton, is required to indemnify the Individual Defendants and/or the Mystic Fire District by virtue of C.G.S. § 7-465 and is therefore liable to the Plaintiffs for their loss.

COUNT THIRTY-ONE (Town of Stonington – C.G.S. § 7-308)

1-34.  The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.  The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Individual Defendants, in that:

a. it failed to properly train and/or supervise the firefighters and officers of the Fire District, including but not limited to the Defendant, William Celtruda, in accordance with the policies, rules and/or procedures of the Mystic Fire District;

b. it failed to prevent the consumption of beverage alcohol by firefighters while on duty;

c. it failed to prevent the consumption of beverage alcohol by firefighters while on duty and/or failed to prevent firefighters who were intoxicated from engaging in firefighting duties in violation of the polices and procedures of the Mystic Fire District, Hoxie Company and/or NFPA 1500;

d. it furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties;

e. it failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda;

f. it failed to intervene and prevent the setting of the fire; and/or

g. it allowed and/or required the defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when it knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

36.     The Town of Stonington is required to indemnify the Individual Defendants and/or the Mystic Fire District by virtue of C.G.S. § 7-308 and is therefore is liable to the Plaintiffs for their loss.

## COUNT THIRTY-TWO (Town of Stonington – C.G.S. § 7-465)

1-34.   The Plaintiffs repeat and re-allege paragraphs 1 through 34 of Count One as if fully set forth herein.

35.    The fire and resulting loss of property and emotional distress by the Plaintiffs was the result of the negligence and carelessness of the Individual Defendants, in that:

    i.   it failed to properly train and/or supervise the firefighters and officers of the Fire District, including but not limited to the Defendant, William Celtruda, in accordance with the policies, rules and/or procedures of the Mystic Fire District;

    j.   it failed to prevent the consumption of beverage alcohol by firefighters while on duty;

    k.   it failed to prevent the consumption of beverage alcohol by firefighters while on duty and/or failed to prevent firefighters who were intoxicated from engaging in firefighting duties in violation of the polices and procedures of the Mystic Fire District, Hoxie Company and/or NFPA 1500;

    l.   it furnished beverage alcohol to the defendant, William Celtruda, causing him to become intoxicated resulting in the loss of his judgment and faculties.

    d.   it failed to prevent the hazing, mistreatment and/or taunting of probationary firefighters, including William Celtruda;

    e.   it failed to intervene and prevent the setting of the fire; and/or

    f.   it allowed and/or required the defendant, William Celtruda, to leave the fire station in a drunken and intoxicated state when it knew or should have known that the judgment of Mr. Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

36.    The Town of Stonington is required to indemnify the Individual Defendants and/or the Mystic Fire District by virtue of C.G.S. § 7-465 and is therefore liable to the Plaintiffs for their loss.

A TRUE COPY
Philip N Leary
New State Marshal
London County

WHEREFORE, the plaintiffs claim:

1) Monetary damages;

2) Attorneys' fees as provided for by 42 USC § 1986; and/or

3) Costs of Suit.

THE PLAINTIFFS
Ultegra, LLC; Gretchen Chipperini
and Inge Chipperini

Peter A. Berdon
Berdon, Young & Margolis, PC
Its Attorneys
132 Temple Street
New Haven, CT 06510
Telephone No.: 203-772-3740
Juris No.: 003487

A TRUE COPY
Philip N. Leary
State Marshal
London County

RETURN DATE:   **AUGUST 11, 2009**         :         **SUPERIOR COURT**

**ULTEGRA, LLC, GRETCHEN CHIPPERINI
AND INGE CHIPPERINI**                     :         **J.D. OF NEW LONDON**

**VS.**                                   :         **AT NEW LONDON**

**MYSTIC FIRE DISTRICT, CHRISTOPHER
WILKINS, FRANK C. HILBERT, ANTHONY
P. MANFREDI, JR., CHRISTOPHER MAY,
JOHN H. KENNEDY, KYLE HILBERT, CHRIS
PAIGE, BRIAN MOLKENTHIN, NICK ALLYN
AND WILLIAM CELTRUDA**                    :         **JULY 16, 2009**

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is Fifteen Thousand Dollars ($15,000.00) or more, exclusive of interest and costs.

**THE PLAINTIFFS**
Ultegra, LLC, Gretchen Chipperini
and Inge Chipperini

Peter A. Berdon
Berdon, Young & Margolis, PC
Its Attorneys
132 Temple Street
New Haven, CT 06510
Telephone No.: 203-772-3740
Juris No.: 003487