UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| ULTEGRA, LLC and<br>GRETCHEN CHIPPERINI,<br><br>        Plaintiffs<br><br>   v.<br><br>MYSTIC FIRE DISTRICT, ET AL<br><br>        Defendants | CIVIL ACTION NO.:<br>3:09-CV-1284 (MPS)<br><br><br><br><br><br><br><br>AUGUST, 2013 |

_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

**PROPOSED INSTRUCTION NO: I**
**PREPONDERANCE OF THE EVIDENCE**

You, as the jury, are charged with deciding the facts presented to you, and determining whether the plaintiffs have presented enough evidence for you to find in their favor. In doing so, you are asked to determine whether the plaintiffs have established their case by a "preponderance of the evidence."

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of (1) all witnesses (both live or deposition testimony), regardless

of who may have called them, and (2) all exhibits received in evidence, regardless of who may have produced them. It is your job to determine which witnesses and exhibits you find more persuasive.

To achieve a "preponderance of the evidence" means to prove that something is more likely true than not true. In other words, a preponderance of the evidence in this case means that when you consider and compare all the evidence in the case, you find that the plaintiffs' evidence as a whole has more convincing force, and produces in your mind a belief that it is more likely true than not true.

To reach this conclusion, you need not find that each and every witness or exhibit provided by the plaintiffs was more persuasive than any counter- testimony or evidence provided by the defendants. Instead, you must make a determination regarding the evidence as a whole.

3 Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) §§ 171.60, 171.61 (5th ed.) (modified); *Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003).

## PROPOSED INSTRUCTION NO: 2

## DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE

"Direct Evidence" is direct proof of a fact, such as testimony, if believed, by a witness about what the witness said or heard or did.

"Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact.

There is a simple example of circumstantial evidence which is often used in this courthouse:

> Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any and all evidence.

3 Fed. Jury Prac. & Inst. § 101.42 (O'Malley, Grenig, and Lee) (5th ed.) (modified); 4-74 Modern Federal Jury Instructions-Civil P 74.01 (modified).

## PROPOSED INSTRUCTION NO: 3
## WEIGHT OF THE EVIDENCE AND NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.

This Court has allotted each side a total of ___ days to make opening and closing arguments, present their witnesses and cross-examine witnesses offered by the other side. As a result of this time limitation, counsel for both sides have carefully considered all of their evidence and made strategic decisions about what to present to you. Given this, it would be impossible for either party to offer every witness whose testimony might be relevant at trial.

3 Fed. Jury Prac. & Instr. (O'Malley, Grenig, and Lee) § 105.11 (5th ed.) (modified); *Moore v. New York*, No. 04 Civ. 2965, 2008 U.S. Dist. LEXIS 11367, at *30 (S.D.N.Y. Feb. 5, 2008); *SEC v. Johnson*, No. 03 Civ. 177, 2006 U.S. Dist. LEXIS 50307, at *16
(S.D.N.Y. Jul. 21, 2006).


## PROPOSED INSTRUCTION NO. 4
## INTERESTED WITNESS – RELATIONSHIP TO DEFENDANT

The fact that certain witnesses called by the Mystic Fire District were and still are engaged as firefighters for said defendant may be considered by you in deciding whether the testimony of one or more of these witnesses is in any way influenced by that relationship with the Mystic Fire District.


*Majestic v. Louisville & N. R. Co.*, 147 F.2d 621, 627 (6th Cir. 1945); *Adams v. Supermarkets Gen. Corp.*, 525 N.Y.S.2d 208, 254-55 (N.Y. App. Div. 1988) (It is error to refuse to give the suggested charge if the witness is an employee of a party at the time of trial); *Dobro v. Sloan*, 368 N.Y.S.2d 621, 625-26 (N.Y. App. Div. 1975).

## **PROPOSED JURY INSTRUCTION NO. 5 COMPENSATORY DAMAGES – PROOF**

Damages means the amount of money which will reasonably and fairly compensate the testifying plaintiffs for any injury you find was caused by Novartis. It is the duty of the Court to instruct you about the measure of damages. If you have returned a verdict in favor of the plaintiff class under Title VII, you must determine the compensatory damages of the plaintiffs that testified at trial ("testifying plaintiffs"). The testifying plaintiffs have the burden of proving their own damages by a preponderance of the evidence and it is for you to determine what damages, if any, have been demonstrated.

In determining the measure of damages, you should consider: the nature and extent of the injuries; the mental, physical, and emotional pain and suffering experienced; embarrassment or humiliation; and loss or enjoyment of life (that is plaintiff's loss of the ability to enjoy certain aspects of her life as a result of Novartis' discriminatory actions).

Federal Employment Jury Instructions § 1:1230 (McNamara & Southerland) (Rev. 9. 2009) (modified); 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2003) (modified); Faculty of Federal Advocates, *Ad Hoc* Committee, *Model Employment Law Jury Instructions*, Aug. 21, 2006, at 58.

7

## **PROPOSED JURY INSTRUCTION NO. 6 COMPENSATORY DAMAGES – MEASURE**

1. "In determining the proper measure of damages, we are guided by the purpose of compensatory damages, which is to restore an injured party to the position he or she would have been in if the wrong had not been committed." *Rizzuto v Ladders*, 280 Conn 225 905 A2d 1165 (2006). "The fundamental policy purposes of the tort compensation system are compensation of innocent parties, shifting the loss to responsible parties or distributing it among appropriate entities and deterrence of wrongful conduct... it is sometimes said that compensation for loss is the primary function of tort law." Rizzuto, id.

2. While the market value of the property is generally found to provide adequate compensation to the owner, yet there are cases in which such market value does not indicate the real value to the owner, and others when the property has no real value ... the statute aims to give the owner just and fair compensation for the loss caused him by the fire, and this is the paramount consideration in the estimate of damages. The rule of market value, generally *applied*, is and should be subordinate to this main consideration." *Pope Foundation, Inc. V. New York, N.H. & H.R. Co.,* 106 Conn 423, 432 (Emphasis Added)

3. The ultimate measure of damages in a case such as this is the diminution in value of the plaintiff's property caused by the defendant's tort. It is, however, well established that such diminution in value may be determined by the cost of repairing the damage, provided, of course that that cost does not exceed the former value of the property and provided the repairs do not enhance the value of the property over what it was before it was damaged" Whitman *Hotel Corporation v Elliott & Watrous Engineering Co.,* 137 Conn 562, 573, 79 A2d 591 (1951), *Blakeman v.Tobin,* 177 Conn. 597, 419 A2d 336 (1979);

4. When 'actual cash value' of the damage lost or destroyed property' is difficult to ascertain because an item is unique, or because there is not a broad and active market for it, replacement cost' rather than fair market value may better compensate a victim for the full amount of his loss. United States v Shugart, 176 F3d at 1375.

5. "The basic measure of damages for injury to real property is the resultant diminution in its value. . . . There is, however, a well established exception to this formula; such diminution in value may be determined by the cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged. . . .

The cost of repairs, therefore, is a proxy for diminution in value caused by damage to property. Because these are, in effect, alternative measures of damages, the plaintiff need not introduce evidence of both diminution in value and cost of repairs." (Citations omitted; internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, supra, 245 Conn. 59-60, citing *Whitman Hotel Corp.* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 573, 79 A.2d 591 (1951). "The permissive language of *Whitman Hotel [Corp.]* clearly leaves the selection of the repair measure in the trial court's discretion, limited only by the two attached provisos. . . .The cost of repairs, therefore, is a proxy for diminution in value caused by damage to property. Because these are, in effect, alternative measures of damages, the plaintiff need not introduce evidence of both diminution in value and cost of repairs." (Citation omitted; internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh B Development Corp.*, supra, 59-60. "Accordingly, a trial court has the discretion, in the appropriate case, to choose to use the cost of repairs as the measure of damages.[fn6]" *Ratner* v. *Willametz*, 9 Conn. App. 565, 586, 520 A.2d 621 (1987). It is axiomatic that "a tortfeasor is liable for all damages proximately caused by its negligence. See *Neiditz v. Morton S. Fine & Associates, Inc.*, [*supra*, 199 Conn. 689 n. 3]." *First Fed Sav. & Ln. A., Rochester v. Charter App.*, 247 Conn. 597, 604, 724 A.2d 497 (1999). "It is axiomatic that the plaintiff who establishes tort liability is entitled to fair, just and reasonable compensation for his injuries."

*Herb v. Kerr*, 190 Conn. 136, 139, 459 A.2d 521 (1983); *Hulk v. Aishberg*, 126 Conn. 360, 362, 11 A.2d 380 (1940)." *Leabo v. Leninski*, 2 Conn.App. 715, 726, 484 A.2d 239 (1984).


**PROPOSED JURY INSTRUCTION NO. 7 IMMUNITY**

If you find that the Town of Groton exerts no control over the Mystic Fire District, and that the Mystic Fire District is a completely separate and distinct entity, then you must conclude that neither the Mystic Fire District, nor any of its fire fighters is entitled to claim governmental immunity.
*Hanson v. Mohegan Fire Company, Inc.*, 30 Conn. L. Rptr. 572 (2001)

# **VERDICT FORM**

1. Did plaintiffs prove that no investigation was conducted by the defendant Mystic Fire District in considering William Celtruda for membership?

    Yes_____          No_____

2. Did the plaintiffs' prove that pursuant to the by-laws of the Mystic Fire District, a rigid investigation was required when considering an applicant for membership?

    Yes_____          No_____

3. Did the plaintiffs prove that members of the Mystic Fire District knew, or should have known of Celtruda's drug and alcohol use?

    Yes_____          No_____

4. Did the plaintiffs prove that prior to setting the fire in question, Celtruda was drinking with Kyle Hilbert at the station house and that he and Hilbert set fire to a table?

    Yes_____          No_____

5.     Did the plaintiffs prove that Celtruda was intoxicated when he left the fire house on the morning of July 25, 2008?

       Yes_____          No_____

6.     Did the plaintiffs prove that under all the circumstances, the Mystic Fire District was negligent in approving Celtruda's application for membership, in failing to properly supervise and train Celtruda, and in permitting drinking in the fire station?

       Yes_____              No_____

7.     Did the plaintiffs prove that the Mystic Fire District was directly responsible for the damages suffered by plaintiffs herein?

       Yes_____                No_____

   If you answered "Yes" to 6 and 7 above please answer the following:

.

8.  We, the Jury award damages as follows:

    Plaintiff, Gretchen Chipperini:

        Compensatory Damages:$_____
        Punitive Damages   $_____

    Plaintiff Ultegra, LLC:

        Compenstory Damages:$_____
        Punitive Damages:$_____

Respectfully Submitted:

<u>PLAINTIFFS</u>**:**

| | |
|---|---|
| John J. Carta, Jr. | Eugene C. Cushman |
| 31 North Main Street | One Post Hill Place |
| Essex, CT 06426 | New London, CT 06320 |
| 860-767-6570 | 860-447-2692 |
| 860-767-6570 (Fax) | 860-442-3845 (Fax) |
| Email: john@cartalaw.com | Email: arco.corp@snet.net |