UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        :     CIVIL ACTION NO.:
ULTEGRA, LLC et al.                     :     3:09-cv-1284 (MRK)
                                        :
              Plaintiffs,               :
     v.                                 :
                                        :
MYSTIC FIRE DISTRICT et al.,            :
              Defendants.               :
_____:          NOVEMBER 11, 2013


**DEFENDANTS' OBJECTION TO PLAINTIFFS'**
**MOTION FOR RECONSIDERATION**

Pursuant to Local Rules of Civil Procudure 7(a) and (c), the defendants respectfully submit this objection to plaintiffs' Motion for Reconsideration of the District Court's October 10, 2013 Order granting the Defendants' Motions in Limine regarding the plaintiffs' damages expert, Mr. Norman Benedict and Mr. Ken Woodard.  As set forth in detail below, the plaintiffs fail to set forth a proper basis for reconsideration of the District Court's order.  Moreover, and even in the event the District Court considers the plaintiffs' after the fact arguments, all of which were available to plaintiffs' counsel prior to the October 10, 2013 hearing, such arguments fail on their merits, or lack thereof.

In support of this Objection to Plaintiffs' Motion for Reconsideration, the defendants represent as follows:

1. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

*Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d. Cir. 1995). The three grounds justifying reconsideration are: an intervening change of controlling law, the availability of new evidence, the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d. Cir. 1992); see also 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790. Here, plaintiffs appear to argue that the court's decision is "contrary to Connecticut law."

Thus, plaintiffs' motion for reconsideration represents, in reality, an attack on the correctness of the District Court's decision, which should be tested on appeal, not by way of a Motion for Reconsideration. Moreover, the plaintiffs' claim that the District Court's decision is in error because of **their own failure** to properly present to the court, prior to the hearing, existing **Connecticut** case law that justifies reversal of the District Court's error.

As set forth above, a Motion of Reconsideration is not the proper vehicle to bring to a District Court's attention claimed case law that was available to counsel prior to the hearing. In addition, the claimed case law does not support the plaintiffs' arguments.

2. Even if the court grants the Motion for Reconsideration, there is no basis for reversal of the District Court's orders granting defendants' Motions in Limine because: (1) plaintiffs' counsel mischaracterizes the basis of the District Court's rulings; and (2) the case law cited by the plaintiffs' counsel supports rather than undermines the original rulings.

3. First, the District Court held, in part, that the plaintiffs' residence was a single family residence located in Mystic, CT and that, based on the plaintiffs' prior judicial admissions in a 2002 tax appeal, comparable properties existed in Mystic for purposes of assessing the fair market value.  In addition, the District Court held that the sales comparison approach employed by Mr. Benedict was unreliable because it was based on unrelated sales in a geographically distant and expensive market, namely Fairfield and Westchester Counties.   Finally, the District Court held that the plaintiff's residence was not a "special use" or "unique" property so as to justify a "reproduction or replacement cost" damages analysis.

4. Accordingly, the District Court held that the while a cost approach may be appropriate in some circumstances, it was inapplicable here because the property was not unique or special use and because comparable sales existed in the market. The District Court need not search any further than the FIRST case cited by the plaintiffs in support of their Motion for Reconsideration in order to see the folly of the plaintiffs' after the fact attack on this court's rulings.

   In *Sibley v. Town of Middlefield*, 143 Conn. 100 (1956), the Supreme Court ruled on the propriety of plaintiff's successful tax appeal.    In their brief, plaintiffs' counsel represents to this court that the property at issue "consisted of a residence, a garage and two lot."    That much is true.    However, plaintiffs' counsel does not inform this court that the property in question in *Sibley* "is devoted principally to the business of operating a summer recreational center. The use of the various properties is limited to a period not longer than thirteen weeks, during six of which a maximum of 250 vacationists are accommodated.

3

The recreational business is a highly personal one and its success is due more to good management than to the physical characteristics of the location. . . . The court did not have the benefit of any evidence as to comparable sales, for there had been none." Id., at pp. 100 and 104.

As such, plaintiffs' counsel failed to mention that the property was not a single family home where there was no evidence of prior sales of what wa s most certainly a special use property in 1956.

5. While there is no doubt that three approaches of valuing real property exist, the fair market value of a property "is generally best ascertained by reference to market sales."  *Uniroyal, Inc. v. Board of Tax Review*, 174 Conn. 380, 385-86 (1978).  Again, plaintiffs' counsel cites to the *Uniroyal* case as supporting the argument that the court's decision is "contrary to Connecticut law" when the property at issue in Uniroyal was a corporate headquarters and research facility located on 112 acres described as "campus style corporate headquarters."

A single family home it was not.

6. Finally, plaintiffs no doubt subjectively believe that their single family residence in Mystic, Connecticut is unique and, toward that end, gratuitously cite to, at page 16 of their brief, Exhibits A through G as examples of residences that are "completely unique by any standard, yet all were constructed and used as single family residential homes."    Again, it is true that while Frank Lloyd Wright's "Fallingwater" in Pennsylvania, Mark Twain's residence in Hartford and the Gillette Castle in East Haddam were all once single family residences, each are of

4

tremendous historical significance for which there are, of course, no comparable sales.

7. It is worth noting that the plaintiff, Gretchen Chipperini, utilized the Connecticut court system for purposes of reducing her tax burden on the property in dispute in this case all the way through 2005. During that proceeding, Ms. Chipperini filed documents with the court, through her lawyers, attesting to the fact that her house was properly valued, based on comparable sales, at just over $300,000.00, with approximately $145,000.00 remaining in restoration/renovations.

The District Court should not entertain a Motion for Reconsideration filed by a party whose own claims and judicial admissions in a prior tax proceeding regarding the same property completely undermines the basic legitimacy of the damage claims in this litigation. The District Court's "gatekeeping role" was properly exercised in this case, from a factual and legal standpoint.

        THE DEFENDANTS,
          Mystic Fire District, Christopher Wilkins,
          Frank Hilbert, Anthony Manfredi, Jr.,
          Christopher May, John Kennedy, Kyle Hilbert,
          Chris Paige, Brian Molkenthin and Nick Allyn

By:_____
    Michael C. Deakin (ct15376)
    DEAKIN EDWARDS & CLARK LLP
    245 Amity Road, Suite 200
    Woodbridge, CT 06525
    Tel.: (203) 387-5100
    Fax: (203) 925-1554
    E-mail: mdeakin@decllp.com

## CERTIFICATION

I hereby certify that on November 11, 2013 a copy of the foregoing was filed electronically and served on any person unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

John Carta, Esq.
31 North Main Street
Essex, CT  06426
(E-mail: john@cartalaw.com)

William A. Celtruda
Inmate No.: 361946, Corrigan-Radgowski Correctional Center
986 Norwich-New London Tpke
Uncasville, CT 06382

Eugene Cushman, Esq.
One Post Hill Place
New London, CT  06320
(Email:  arco.corp@snet.net)

_____
Michael C. Deakin (ct15376)