# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| |
|---|
| ULTEGRA LLC, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>MYSTIC FIRE DIST, et al.,<br><br>        Defendants. |

No. 3:09-cv-01284 (MPS)

## <u>ORDER</u>

Defendants' [111] Motion to Preclude Expert Testimony of Plaintiffs' Liability Expert John Murphy is DENIED.  Defendants do not dispute Mr. Murphy's qualifications, arguing primarily that his testimony should be excluded because his opinion regarding the psychological pre-screening of volunteer firefighters is unsupported by external sources.  Mr. Murphy bases his opinion on his over 35 years of experience as a firefighter, including roles as a Chief Fire Officer and a Deputy Fire Chief responsible for, among other things, the hiring of volunteer firefighters. He also provides samples of job postings from fire departments that required psychological pre-screening.

Fed. R. Evid. 702 governs testimony by expert witnesses.  "The Second Circuit and courts within this circuit have liberally construed expert qualification requirements." *TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 174 (N.D.N.Y. 2002) (*citing United States v. Brown*, 776 F.2d 397, 400 (2d Cir.1985) (qualification requirements of Rule 702 "must be read in light of the liberalizing purpose of the rule")).  As set forth in the advisory committee's notes for the 2000 Amendments to Rule 702, "[n]othing in this amendment is intended to suggest that experience alone – or experience in conjunction with other knowledge,

skill, training or education – may not provide a sufficient foundation for expert testimony."

Indeed, as seen in *Liriano v. Hobart Corp.*, 949 F. Supp. 171, 177 (S.D.N.Y. 1996):

> [i]t is not appropriate to invoke the *Daubert* test in cases where expert testimony is based solely on experience or training, as opposed to a methodology or technique.  Indeed, it would be impossible to do so.  Expert opinion based on personal experience cannot always be evaluated on the basis of "rate of error," "peer review" or "general acceptance" in the relevant scientific community.  Yet such opinions may be as valuable to the trier of fact as those opinions that can be readily gauged in such terms.

District courts in the Second Circuit have recognized firefighters as experts on topics germane to their experience.  *See, e.g., Allstate Ins. Co. v. Gonyo*, No. 07-1011, 2009 WL 1212481, at *4-6 (N.D.N.Y. Apr. 30, 2009) (firefighter with over two decades of experience qualified as expert witness regarding cause and origin of fire); *Peerless Ins. Co. v. Marley Engineered Prods. LLC.*, No. 05-4848, 2008 WL 7440158, at *3 (E.D.N.Y. June 12, 2008) (same); *Hackert v. First Alert, Inc.*, No. 3-216, 2005 WL 6021862, at *2 (N.D.N.Y. June 14, 2005) (same).  Several other courts have permitted experts to testify, based on their experience, about hiring practices and procedures.  *See, e.g., Hare v. Opryland Hospitality, LLC*, No. 09-0599, 2010 WL 3719915 (D. Md. Sept. 17, 2010) (denying *Daubert* motion to exclude expert on the hiring, retention, and training of security guards in Maryland nightclubs, where patron was hit with a bottle by one of the defendant's security guards); *J.S. v. Am. Inst. for Foreign Study, Inc.*, No. 12-CA-1036, 2013 WL 5372531 (W.D. Tex. Sept. 24, 2013) (denying *Daubert* motion to exclude expert on the hiring practices of counselors by youth camps, where minor was molested by one of the defendant's counselors).

Since Mr. Murphy has years or experience with the recruiting, screening, and hiring of firefighters, he may offer expert opinion testimony on those topics.  Additionally, the Court notes that Defendants raise no arguments as to Mr. Murphy's ability to testify about the negligent

training and supervision of Defendant Celtruda, an opinion that is also central to his report and testimony of which may be helpful to the trier of fact.  Accordingly, Defendants' critiques are more appropriately raised during cross examination.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) ("Where an expert otherwise reliably utilizes scientific methods to reach a conclusion, lack of textual support may go to the weight, not the admissibility of the expert's testimony.").  Nothing in this order is intended to preclude Defendants from objecting at trial to the admission of any specific opinions as to which Plaintiffs fail to lay an adequate foundation.

IT IS SO ORDERED.

/s

Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              February 14, 2014

3