# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ULTEGRA LLC, et al.,
      Plaintiffs,
            v.
MYSTIC FIRE DISTRICT, et al.,
      Defendants.

No. 3:09-cv-1284 (MPS)



## JURY INSTRUCTIONS

INTRODUCTION ................................................................................................ 1

PART I: GENERAL INSTRUCTIONS ............................................................... 1

    A.    ROLE OF THE COURT ............................................................... 1
    B.    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE.................... 2
    C.    BOTH SIDES ENTITLED TO FULL AND FAIR HEARING .......... 3
    D.    OBJECTIONS AND RULINGS.................................................... 3
    E.    DUTIES OF THE JURY ............................................................. 5
    F.    "PROVE," "FIND," AND "ESTABLISH".................................... 5
    G.    BURDEN OF PROOF:  PREPONDERANCE OF THE EVIDENCE ............... 6
    H.    FORMS OF EVIDENCE ............................................................. 8
    I.    WHAT IS NOT EVIDENCE ....................................................... 8
    J.    DIRECT & CIRCUMSTANTIAL EVIDENCE .............................. 9
    K.    INFERENCE DEFINED.............................................................. 10
    L.    WITNESS CREDIBILITY – GENERAL........................................ 11
    M.    TESTIMONY OF A FIREFIGHTER ............................................. 12
    N.    EXPERT WITNESSES ............................................................... 12
    O.    IMPEACHMENT OF WITNESSES ............................................... 13
    P.    UNCONTRADICTED TESTIMONY .............................................. 14


PART II: PLAINTIFFS' CLAIMS IN THIS CASE................................................ 14

    A.    NEGLIGENCE CLAIMS AGAINST DEFENDANTS CHRISTOPHER MAY, KYLE HILBERT, AND MYSTIC FIRE DISTRICT........................................... 14
    B.    PLAINTIFFS' WANTON AND RECKLESS CONDUCT CLAIMS AGAINST DEFENDANT HILBERT ................................................... 23


PART III: DAMAGES ...................................................................................... 24

    A.    GENERAL INSTRUCTIONS ON DAMAGES.................................. 24
    B.    COMPENSATORY DAMAGES .................................................... 25


PART IV: FINAL INSTRUCTIONS .................................................................. 26

    A.    NOTE TAKING ........................................................................ 27
    B.    UNANIMOUS VERDICT ............................................................ 27
    C.    CELL PHONES AND TABLETS .................................................. 27
    D.    FOREPERSON .......................................................................... 28
    E.    VERDICT FORM ...................................................................... 28
    F.    FINAL INSTRUCTIONS ............................................................ 29

## INTRODUCTION

Members of the jury, you have now heard all of the evidence in this case. I shall now instruct you concerning the law applicable to the case. After that, you will hear the arguments of counsel and then I will give you some final instructions. You will then return to the jury room to deliberate in accordance with these instructions. Before I give you these instructions, however, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you. But it is important that you listen carefully and pay close attention. You have been provided with a copy so that you can read along as we go.

My instructions will be in two parts: first, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific elements that you must find based on the evidence at trial.

After I have given these instructions, the parties will give their closing arguments. Then I will give you some final instructions. And then you will go back into the jury room to deliberate. You will have with you the following: the original Verdict Form (all of your individual copies will be collected before you deliberate), the original exhibits, your individual copies of these instructions and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the Verdict Form to report your verdict to the Court and the parties.

## PART I: GENERAL INSTRUCTIONS

### A. ROLE OF THE COURT

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on

1

the law that you are to apply to the facts in this case.  I gave you some preliminary instructions before trial began, but it is now – at the close of evidence – that the final instructions governing your deliberations are given, so please be patient and listen closely.  I believe that everything I am going to tell you is consistent with the preliminary instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them.  You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

## B.  INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

I may repeat certain parts of these instructions.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, as any suggestion from me about what verdict you should return—that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

2

## C.  BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims, both parties in this case are entitled to a full and fair hearing.  The parties are entitled to a trial free from prejudice or bias.  Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.  In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice, regardless of who they are.  You must not be swayed by your personal opinions about any of the issues raised in this trial.  You should not be swayed by sympathy.  You should be guided solely by the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict.  If you let your sympathy for one side or another interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## D.  OBJECTIONS AND RULINGS

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admission of evidence or the phrasing of a question, or asked the Court to rule on an objection or the propriety of a question.  The application of the rules of evidence is

3

not always clear, and lawyers often disagree about them. It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other. You are not to concern yourself with why a lawyer made an objection or why I ruled on it in the manner that I did. You should draw no inference from the fact that a lawyer objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have stricken or told you to disregard an answer, you must not rely on that answer, because it is not evidence. If I have given you a limiting instruction that certain evidence was to be considered by you for a limited purpose only, then you must follow that limiting instruction and use the evidence only for the limited purpose for which it was admitted.

One further note about attorneys: During the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. But it is important for you as jurors to recognize that this is not a contest between attorneys. Whatever you may think about the conduct of the lawyers during this trial, you must remember that this dispute is about the parties, not the lawyers, and you must decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments to be helpful, take advantage of them, but it is your

memory and your evaluation of the evidence and my instructions on the law that count in this case.

**E. DUTIES OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of witnesses. You resolve any conflicts that may exist in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence. No one may invade your province or function as jurors. Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of a view of what your decision should be or which party should prevail in this case, because I have no view on those matters.

In order for you to determine the facts, you must rely upon your own recollection of the evidence. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.

The verdict you reach must be unanimous; that is, agreed upon by each of you. Each of you must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

**F. "PROVE," "FIND," AND "ESTABLISH"**

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the Plaintiffs must do in order to establish the liability of a particular

Defendant. Unless I instruct you otherwise, my use of the word "prove" means "prove by the preponderance of the evidence," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the preponderance of the evidence, even if I simply use the word "find." Likewise, I will speak of the parties "establishing" various facts. Even if I simply use the word "establish," you must find that fact has been established by the preponderance of the evidence.

## G. BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Because this is a civil case, the Plaintiffs have the burden of proving every disputed element of their claims by a preponderance of the evidence, and the Defendants have the burden of proving every disputed element of their affirmative defense by a preponderance of the evidence.

With respect to the Plaintiffs' claims, to establish a fact by a preponderance of the evidence, the Plaintiffs must prove that the fact is more likely true than not true. In other words, if you find that the credible evidence on a given issue either favors the Defendants or is evenly divided between the Plaintiffs and the Defendants, then you must decide that issue for the Defendants. However, if the Plaintiffs prove that a fact is more likely true than not, even if only slightly more true than not, then you are to find that they have proven the fact by a preponderance of the evidence.

The same is true for facts that the Defendants must prove with respect to their affirmative defense. If you find that the credible evidence on a given issue either favors the Plaintiffs or is evenly divided between the Plaintiffs and the Defendants, then you must decide that issue for the Plaintiffs. However, if the Defendants prove that a fact is more likely true than not, even if only

slightly more true than not, then you are to find that the Defendants have proven the fact by a preponderance of the evidence.

It might be helpful to visualize a pair of balanced scales. Imagine that you put on one scale the evidence you find credible, relevant and supportive of the Plaintiffs on a particular issue on which they bear the burden of proof, and place on the other scale the evidence you find credible, relevant and supportive of the Defendants. If the scales tip in favor of the Defendants on that issue, even a little bit, or if the scales are evenly balanced, the Plaintiffs have not sustained their burden of proof on the issue. But if the scales tip in favor of the Plaintiffs on that issue, even a little bit, then on that issue they will have sustained their burden of proof. You should of course reverse this analogy in deciding whether the Defendants have sustained their burden of proof on their affirmative defense.

In determining whether a claim or affirmative defense has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

**H. FORMS OF EVIDENCE**

Next, I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence from which you are to decide what the facts are comes in one of two forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record. All of the exhibits that have been admitted into evidence will be with you in the jury room. If an exhibit has been admitted into evidence, it is evidence that can be considered by you regardless of whether any witness referred to the exhibit or testified about it during the trial.

One word about the exhibits that you will have in the jury room. You may notice that certain exhibit numbers have not been used. For example, you may find exhibit number 5 and number 7 but not find number 6. Please do not be concerned about the numerical sequencing of exhibits and do not think that an exhibit is missing. The reason for what would otherwise seem like gaps is that we assigned all of the potential trial exhibits numbers long before trial, and then before or during trial, counsel decided not to introduce certain exhibits or certain exhibits were simply marked for identification purposes and then not made full exhibits. We've checked the exhibits and made sure that you will have all of the exhibits that you should have, so once again do not pay any attention to the numbering or sequencing of the exhibits.

**I. WHAT IS NOT EVIDENCE**

It is the witnesses' answers, and not the lawyers' questions, that are evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement,

and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because the assumed fact was contained in the lawyer's question.

Testimony that I have ordered stricken, testimony that I have instructed you to disregard, and testimony that I have excluded are not evidence and may not be considered by you in rendering your verdict.

What the lawyers say in their opening statements and closing arguments, in their comments, objections and even in their questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence, and my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.

It is for you—and you alone—to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## J. DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, assume that when you came into the courthouse this morning the sun was

shining and it was a nice day.  Also assume that as you were sitting here, someone walked in with an umbrella that was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had been raining.

That is all there is to circumstantial evidence.  On the basis of your reason, experience and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict be based on a preponderance of all of the evidence presented.

## K.  INFERENCE DEFINED

During the trial you may have heard the attorneys use the term "inference," and in their arguments, they may ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proven by direct or circumstantial evidence.  One party may ask you to draw one set of inferences, while the other party asks you to draw another.  It is for you, and you alone, to decide which inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or

10

speculation.  An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  The mere process of drawing an inference from the evidence does not change the burden of proof, which remains with the Plaintiffs throughout the case, except when Defendants raise an affirmative defense.  Finally, you may not draw any inferences from the mere fact that the Plaintiffs filed this lawsuit or that the Defendants have chosen to defend it.

**L.  WITNESS CREDIBILITY – GENERAL**

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You base it on what you have seen and heard.  You watched the witness testify.  Everything a witness said or did while testifying counts in your determination.  How did the witness impress you?  Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the

11

case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor and intelligence; the reasonableness and probability of the witness's testimony; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing any witness's testimony you should use your common sense, your good judgment, and your own life experience.

## M. TESTIMONY OF A FIREFIGHTER

In this case you heard testimony from one or more firefighters. The testimony of such individuals is entitled to no special or exclusive sanctity. A firefighter who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does, and you should not believe or disbelieve him or her merely because he or she is employed as a firefighter. You should recall the witness's demeanor on the stand, manner of testifying, and the substance of the witness's testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness. Firefighters do not stand in any higher or lower station in the community than other persons, and their testimony is not entitled to any greater or lesser weight.

## N. EXPERT WITNESSES

We have had in this case the testimony of expert witnesses. Expert witnesses are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person. Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions. Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness's personal knowledge.

The experts in this case have given opinions. However, the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions. You can accept or reject their opinions.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had and the documents available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the facts, activity and the basis for the opinion.

You should ask yourselves about the methods employed by the expert and the reliability of the result. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence. Based on all of those things, together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion. You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness.

## O. IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and

13

all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

**P.  UNCONTRADICTED TESTIMONY**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness's manner and demeanor or because of the improbability of his or her testimony or for other reasons, that the witness's testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## PART II: PLAINTIFFS' CLAIMS IN THIS CASE

The Plaintiffs in this case have brought claims against Defendants Christopher May, Kyle Hilbert, and the Mystic Fire District.  I will now explain the law applicable to each claim.

**A.  NEGLIGENCE CLAIMS AGAINST DEFENDANTS CHRISTOPHER MAY, KYLE HILBERT, AND MYSTIC FIRE DISTRICT**

Plaintiffs claim that their injuries were caused by the negligence of Defendants Christopher May and Kyle Hilbert.  Negligence is the violation of a legal duty which one person owes to another.  A duty to use care exists when a reasonable person, knowing what the Defendants either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct.  If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.  Where the negligent conduct of the Defendants creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact

that the harm is brought about through the intervention of another force does not relieve the defendants of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the Defendants' conduct.

Common law negligence, which is what Plaintiffs are asserting, is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances. In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to a particular Defendant at the time the fire occurred. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to have been exercised.

Reasonable care is not the care that you personally think the individual Defendants ought to have used, and not the care that the individual Defendant thought he ought to have used. Instead, you must determine what is reasonable care by what an ordinarily prudent person would do under the circumstances.

Plaintiffs must prove the negligence of each individual Defendant by the preponderance of the evidence for that individual Defendant to be liable. Even though these Defendants are being tried in the same case for the convenience of everyone, you must remember that each Defendant is being sued individually and is responsible only for his own acts. You must therefore consider the Plaintiffs' allegations against each of the individual Defendants separately and decide whether the Plaintiffs have proven by the preponderance of evidence that the individual Defendant acted negligently and proximately caused the Plaintiffs' injury. I will explain what proximate cause means in a minute.

Finally, there is no presumption that any of the individual Defendants were negligent simply because Plaintiffs sustained injury.  I will now explain the specific negligence claims Plaintiffs are bringing against each individual Defendant.

### 1. Plaintiffs' Negligence Claim against Defendant Christopher May

Plaintiffs allege that Defendant Christopher May was negligent in one or more of the following ways:

(1) Failing to provide for proper supervision of the firefighters and officers of the Fire District, including but not limited to Defendant Celtruda;

(2) Failing to establish and/or enforce policies prohibiting the consumption of alcohol by and/or intoxication of firefighters while on duty;

(3) Failing to establish and/or enforce policies to prevent hazing, mistreatment, and/or taunting of probationary firefighters; and/or

(4) Failing to establish and/or implement proper procedures to psychologically screen prospective firefighters.

Plaintiffs do not need to prove that Defendant May was negligent in all of the ways they claimed.  It is sufficient if they prove, by a preponderance of evidence, that Defendant May was negligent in at least one of the ways they have claimed.

### 2. Plaintiffs' Negligence Claim against Defendant Kyle Hilbert

Plaintiffs allege that Defendant Kyle Hilbert was negligent in one or more of the following ways:

(1) He failed to properly supervise Defendant Celtruda;

(2) He failed to prevent the consumption of alcohol by other firefighters while on duty in violation of the policies, rules, and procedures of the Mystic Fire District and/or the Hoxie Company;

(3) He furnished alcohol to Defendant Celtruda, causing him to become intoxicated and resulting in the loss of his judgment and faculties in violation of the policies, rules, and procedures of the Mystic Fire District and/or the Hoxie Company;

(4) He failed to prevent the hazing, mistreatment, and/or taunting of probationary firefighters, including Defendant Celtruda, in violation of the policies, rules, and procedures of the Mystic Fire District and/or the Hoxie Company;

(5) He failed to intervene and prevent the setting of the fire; and/or

(6) He allowed and/or required Defendant Celtruda to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Defendant Celtruda was impaired, that he wanted to fight a structural fire, and that he might likely set a structural fire.

Again, Plaintiffs do not need to prove that Defendant Hilbert was negligent in all of the ways Plaintiffs claim.  It is sufficient if Plaintiffs prove, by a preponderance of evidence, that Defendant Hilbert was negligent in at least one of the ways they have claimed.  Remember, in determining whether Defendant Hilbert was negligent, you must evaluate whether he failed to use reasonable care, or the care that a reasonably prudent person would use in the same circumstances that he faced.

### 3.  Causation

Even if you find that Defendant May and/or Defendant Hilbert were negligent in any of the ways claimed by Plaintiffs, Plaintiffs may not recover unless they prove, by a preponderance

of the evidence, that the conduct by each individual Defendant was the legal cause of Plaintiffs'
house burning down.  Legal cause has two parts:  cause in fact and proximate cause.

### a. Cause in Fact

A cause in fact is an actual cause.  The test for cause in fact is, simply, "Would the injury
have occurred were it not for that particular Defendant's negligence?"  If your answer to this
question is "yes," then that Defendant's negligence was not a cause in fact of Plaintiffs' injuries.
That means for each individual Defendant Plaintiffs seek to prove negligence against, the
Plaintiffs must prove their injuries would not have occurred were it not for that particular
Defendant's negligence.

### b. Proximate Cause

Plaintiffs must also prove that negligence by the individual Defendant was the proximate
cause of Plaintiffs' injuries in order to hold that particular Defendant liable.  Negligence is a
proximate cause of an injury if it was a substantial factor in bringing that injury about.
Negligence is a substantial factor in bringing about an injury if it contributes materially to the
production of the injury.

Negligent conduct can be a proximate cause of an injury if it is not the only cause, or
even the most significant cause of the injury, as long as it contributes materially to the
production of the injury, and thus is a substantial factor in bringing it about.  Therefore, when a
defendant's negligence combines together with one or more other causes to produce an injury,
such negligence is a proximate cause of the injury if its contribution to the production of the
injury, in comparison to all other causes, is material or substantial.  In this case, one factor you
must consider in deciding whether a Defendant's negligence was a substantial factor in bringing
about Plaintiffs' injuries is whether those injuries were produced in material part by a

18

superseding cause.

A superseding cause is any intentionally harmful act, force of nature, or criminal event, unforeseeable by that Defendant, which intervenes in the sequence of events leading from that Defendant's alleged negligence to the Plaintiffs' alleged injury and proximately causes that injury.  Under our law, the intervention of such a superseding cause prevents that Defendant from being held liable for the Plaintiffs' injury on the theory that, due to such superseding cause, that Defendant did not legally cause the injury.  The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the negligent Defendant's conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the Defendant at the time of his negligent conduct realized or should have realized that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.  Superseding cause applies only if the criminal act was unforeseeable.  When a claim of superseding cause is made at trial, Plaintiffs must disprove at least one essential element of that claim by a fair preponderance of the evidence in order to prove, by that standard, their own conflicting claim of legal causation.

In this case, both Defendants May and Hilbert argue that Defendant Celtruda's criminal activity—committing arson—was a superseding cause of the Plaintiffs' alleged injury, so that any negligence by them did not legally cause that injury.  Because such an intentionally harmful criminal event, if unforeseeable by that particular Defendant, would constitute a superseding cause of the Plaintiffs' alleged injury if it occurred as claimed by that Defendant and if it proximately caused the Plaintiffs' injury, the Plaintiffs must disprove at least one essential element of that claim by a fair preponderance of the evidence in order to prove that specific Defendant legally caused that injury.  The Plaintiffs can meet this burden by proving either 1)

19

that the conduct claimed to constitute a superseding cause did not occur as claimed by that Defendant, either because it did not occur at all or because it was not engaged in with the intent to cause harm; or 2) that such conduct was foreseeable by that Defendant, in that the injury in question was within the scope of the risk created by that Defendant's conduct; or 3) that such conduct was not a substantial factor in bringing about the Plaintiffs' alleged injury. These, of course, are questions of fact for you to determine based on the evidence.  Keep in mind, however, that each Defendant does not have any burden to prove the existence of a superseding cause. The burden at all times rests upon the Plaintiffs to disprove each Defendant's claim of superseding cause as a necessary part of his proof that that particular Defendant legally caused the Plaintiffs' injury.

This means you must evaluate each Defendant's claim that there was a superseding cause separately by evaluating his specific actions and determining whether the Plaintiffs have disproved, by a preponderance of evidence, that particular Defendant's claim of superseding cause.

**4.  Affirmative Defense of Defendants May and Hilbert**

Even if you find that Plaintiffs have proved, by a preponderance of the evidence, that Defendant May and/or Defendant Hilbert were negligent and such negligence proximately caused Plaintiffs' injuries, each Defendant may still may avoid liability if he proves his affirmative defense of governmental immunity by a preponderance of the evidence.  You should decide this affirmative defense only if you have concluded that Plaintiffs have proven negligence and causation as to a particular Defendant.

Defendants May and Hilbert each claim that they cannot be held liable to the Plaintiffs for any damages the Plaintiffs may have suffered because each of them is protected from such

liability by governmental immunity.  Defendants May and Hilbert individually have the burden of proving this special defense of immunity applies to them by a preponderance of the evidence.

Under our law, a municipal employee, while working on behalf of the public, cannot be found liable for negligent acts or omissions if those acts or omissions were the result of an exercise of the employee's judgment and discretion rather than the mere execution of a mandatory course of conduct.  This immunity, if it applies, protects both the innocent employee and the negligent employee.  That is, whether the employee was careless or careful is immaterial to the question of whether he is immune from liability.  Every municipal employee who is required to and does use discretion in the performance of his job is covered by this cloak of immunity.

The rationale for shielding municipal employees from legal responsibility for injuries they may have caused through negligence, which resulted from the necessary exercise of their discretion, arises because exposure to such liability may have the effect of cramping the exercise of that discretion to the detriment of the public.  This immunization reflects a value judgment by society that, despite injury to an individual member of the public, the broader interest in having governmental officers and employees unhampered by the fear of being second-guessed and subjected to lawsuits outweighs the benefits to permitting such liability.

However, this rationale is inapplicable in the situation where the municipal employee has no leeway as to how to act. If the employee performs a task that requires no exercise of discretion, then no immunity exists.  Such mandatory activities are known as ministerial acts, as opposed to discretionary acts.  Ministerial acts are those duties that the public employee must perform in a prescribed manner without the exercise of judgment or discretion.  They include any conduct required by any city charter, provision, ordinance, regulation, rule, policy, or any other

21

directive that prescribes the manner in which the conduct is to be performed.   There is no immunity for the employee who negligently deviates from a prescribed path and causes injury. There is also no immunity for an employee who engages in other acts that are not discretionary governmental acts, including drinking alcohol while on duty.

The question for you to decide is whether these Defendants were performing a discretionary or ministerial act when each of them engaged in the conduct that Plaintiffs claim was negligent.  As I stated earlier, the burden is on each of these Defendants to persuade you, by a preponderance of the evidence, that his own actions or inactions were the result of the exercise of discretion rather than the failure to comport with a mandatory course of conduct.  You must therefore consider each Defendant's arguments separately to determine whether that particular Defendant has met his burden.

If you find that a particular Defendant has failed to meet the burden of establishing this special defense, then no immunity would protect that Defendant from liability.  If, however, you find that one of these Defendants—or both—have satisfied this burden, then you must render a verdict for that Defendant on the negligence count.

### 5.  Plaintiffs' Negligence Claim Against Mystic Fire District

Plaintiffs also claim that Mystic Fire District was negligent.  Whether Mystic Fire District was negligent depends on what you determined regarding the negligence claims against Defendants May and Hilbert.  If you find that any Defendant was liable, and that such Defendant failed to prove that his negligent actions were discretionary, then you must find that Mystic Fire District was also negligent.  If you did not find either Defendant liable on the negligence claims, you may not find Mystic Fire District was negligent.

## B. PLAINTIFFS' WANTON AND RECKLESS CONDUCT CLAIMS AGAINST DEFENDANT HILBERT

In addition to bringing the negligence claims above, Plaintiffs also allege that their injuries were caused by the wanton and reckless conduct of Defendant Hilbert.  Wanton and reckless conduct is more than negligence and more than gross negligence.  It is such conduct that indicates a reckless disregard of the just rights or safety of others or of the consequences of action.  The state of mind amounting to recklessness may be inferred from conduct, but in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. To find wanton and reckless conduct, you must find that Defendant Hilbert's conduct was highly unreasonable, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.  You may not find wanton and reckless conduct if you find that Defendant Hilbert made a mere mistake resulting from inexperience, excitement, or confusion; in other words, there must be more than mere thoughtlessness, inadvertence, or inattention.

Plaintiffs claim that Defendant Hilbert engaged in wanton or reckless conduct in one or more of the following ways:

> (1) He failed to prevent the consumption of alcohol by firefighters while on duty and himself consumed alcohol to the point of becoming intoxicated when he knew or should have known doing so would result in the diminishment of his judgment and faculties, all in violation of the rules, policies, and/or procedures of the Mystic Fire District and/or Hoxie Company;

> (2) He furnished alcohol to Defendant Celtruda while on duty, causing him to become intoxicated, resulting in the loss of his judgment and faculties when he knew that Defendant Celtruda desired to fight a structural fire, all in violation of

23

the policies, rules, and procedures of the Mystic Fire District and/or Hoxie Company;

(3) He failed to prevent the hazing, mistreatment, and/or taunting of Defendant Celtruda when he knew that Defendant Celtruda wanted to fight a structural fire and had participated in starting a fire that night at the firehouse, all in violation of the rules, policies, and/or procedures of the Mystic Fire District; and/or

(4) He permitted and/or required Defendant Celtruda to leave the fire station in a drunken and intoxicated state when he knew or should have known that the judgment of Defendant Celtruda was impaired and that he wanted to start a structural fire.

As with the negligence claims, Plaintiffs do not need to prove that Defendant Hilbert engaged in wanton and reckless conduct in all of the ways Plaintiffs claim. It is sufficient if Plaintiffs prove, by a preponderance of evidence, that Defendant Hilbert engaged in wanton or reckless conduct in at least one of the ways Plaintiffs have claimed. Plaintiffs must also prove, by a preponderance of the evidence, that any wanton or reckless conduct by Defendant Hilbert was the legal cause of Plaintiffs' injury. Please refer back to my instructions regarding causation for guidance in deciding this issue.

## PART III: DAMAGES

### A. GENERAL INSTRUCTIONS ON DAMAGES

If Plaintiffs fail to prove the elements of their claims against any Defendant, then that Defendant has prevailed on the issue of liability and you should not consider the issue of damages for the specific claims Plaintiffs have brought against that Defendant. Only if Plaintiffs

24

have proven, by a preponderance of the evidence, that a particular Defendant is liable for a certain claim should you address the issue of damages for that specific claim.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find that Plaintiffs have established their claim against a particular Defendant.

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on Plaintiffs to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses suffered as a result of the acts of the each Defendant. It is not the Defendants' burden to disprove the claimed losses. Any award of damages shall be measured in dollars and cents.

Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence but only argument. The determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard counsel's argument on the amount of damages.

## B. COMPENSATORY DAMAGES

The purpose of compensatory damages is to compensate a party for the damages inflicted on it by any violations of the law that it has proven. They are not awarded to punish a party for its unlawful actions. Compensatory damages are limited to restoring a party, as far as money can, to the position it would have been in had the harm not occurred.

25

If you find in favor of the Plaintiffs, they are entitled to recover any economic loss proved—that is, the loss that is a result of each Defendant's conduct and that was reasonably foreseeable to that Defendant as the natural and probable result of his conduct.

The law places the burden on the Plaintiffs to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision and you are permitted to determine the amount of damages by estimation or approximation, as long as the Plaintiffs provide you a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense.

If you found that Plaintiffs have met their burden of proving, by a preponderance of the evidence, that a particular Defendant was negligent in one or more ways, you should determine what damages that Defendant's actions proximately caused Plaintiffs. In this case, Plaintiffs seek to recover economic damages for the monetary losses or expenses they incurred when their house burned down. Specifically, Plaintiffs seek damages in connection with the destruction of the property at 23 Library Street. Ultegra seeks to recover the value of the building, and Ms. Chipperini seeks to recover the value of the personal property destroyed in the fire. Plaintiffs bear the burden of proving the value of the building and personal property by a fair preponderance of the evidence.

## PART IV: FINAL INSTRUCTIONS

You have now heard my instructions on the law and the parties' closing arguments. I remind you that the parties' arguments are not evidence. I will now give you some final instructions before you begin your deliberations.

## A. NOTE TAKING

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. Your notes are not evidence and should not be shared.

## B. UNANIMOUS VERDICT

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until the verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinions of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not partisans. Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

## C. CELL PHONES AND TABLETS

Before you begin your deliberations, you will be required to give your cellphones, tablets, and any other forms of electronic communication to the Courtroom Deputy. The Courtroom

Deputy will ensure that these items are stored in a safe place and will return them to you after you finish your deliberations for the day.

**D. FOREPERSON**

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. He or she will send out any notes, and when the jury has reached its verdict, he or she will notify the marshal that the jury has reached its verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the marshal, who will escort you. No deliberations may take place without all jurors being present. If at any time a juror is in the bathroom facilities, the other jurors must cease deliberations and not resume deliberations until all jurors are present.

Finally, you are prohibited from conducting any outside research on the case.

**E. VERDICT FORM**

A Verdict Form has been prepared for your convenience. Focusing on the questions set forth in the Verdict Form will assist you in your deliberations. I want to caution you now to take your time when completing the Verdict Form. Let me ask you to look at the form now, and I will walk through it briefly with you. As you can see, the form consists of a series of questions. Each question calls on you either to check "yes" or "no" or to write in a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions in ***bold-faced italicized type***. Please read these instructions and

28

follow them carefully.   Depending on your answer to a particular question, it may not be necessary to answer a later question.  Finally, be consistent in your responses.

You must complete, and return the Verdict Form in court, when you have reached a unanimous agreement as to your verdict. You will have the original Verdict Form in the deliberation room, and I will ask the Courtroom Deputy to collect the copies at this time.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the Verdict Form.  If the foreperson makes any error in completing the Verdict Form, please do not strike out the error and add a correct response.  Instead, please request a new Verdict Form, so that the Verdict Form that is submitted is error-free.  Then inform the court marshal or clerk that you have reached your verdict.  The Verdict Form must be used only in connection with the charge I have just given to you.  The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

## F.  FINAL INSTRUCTIONS

Shortly after you go into the jury room, the Courtroom Deputy will bring you the exhibits in this case.  Do not begin your deliberations until she has brought you the exhibits.  Do not even elect a foreperson until she has brought you the exhibits, as it is very important that your deliberations are entirely private and without interruption.

In the jury room, you will have exhibits with you but you will not have a transcript of the testimony.  If you need to have testimony read back to you, we will do so.  However, please understand that it is difficult and time-consuming to locate and read back testimony.  If you

nevertheless require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to the marshal or clerk. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must caution you that in your communications with the Court you should never reveal your numerical division at any time. If you are divided, do not report how the vote stands, and if you have reached your verdict, do not report what it is until you are asked in open court.

A note about timing. We ordinarily end our trial day at 3:00 p.m. But that is not a constraint on your deliberations, and you should certainly not rush to meet any deadline. You may choose, if you find it necessary, to deliberate past 3:00 p.m. You may also choose to break at 3:00 p.m. and resume deliberations tomorrow. It is your decision. Whatever you decide, we will be here.

It is proper to add a final caution. Nothing that I have said in these instructions – and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Members of the jury, that concludes my instructions to you. Thank you for your patience and attention.

*   *   *   *   *   *