## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| |
|---|
| ULTEGRA LLC et al, |
| Plaintiff, |
| v. |
| MYSTIC FIRE DIST et al, Defendant. |

No. 3:09-cv-1284 (MPS)

## RULING ON MOTION FOR RECONSIDERATION AND OR RELIEF FROM

## SANCTIONS AND MOTION FOR SANCTIONS

### I.      Introduction

This case originally concerned an action by the plaintiffs—Ultegra LLC,[1] Gretchen

Chipperini, and her mother, Inge Chipperini—against the defendants—Mystic Fire District, the

Town of Groton, the Town of Stonington, and various firefighters for the Mystic Fire District—

for damages stemming from a volunteer firefighter for the Mystic Fire District burning down the

plaintiffs' property in Mystic, Connecticut.  A jury found in favor of the defendants on all of the

plaintiffs' claims, (ECF No. 198), and the Second Circuit affirmed the judgment.  (ECF No.

232).  At issue here is Gretchen Chipperini's motion for reconsideration and or relief from

sanctions and costs (ECF No. 251) imposed upon her by the Court in an order issued on March 1,

2017.  (*See* ECF No. 233).  Also at issue is the defendants' motion for sanctions (ECF No. 234)

against Ms. Chipperini for her failure to pay the costs imposed upon her in a timely manner.

---

[1] Plaintiff Gretchen Chipperini has been the beneficial owner of the plaintiff, Ultegra, LLC, at all times relevant to this ruling.

(*See* ECF No. 234). For the reasons stated within, Ms. Chipperini's motion for reconsideration and or relief from sanctions is hereby DENIED. She is hereby ordered to make payment of the costs allotted to her by the Court's March 1, 2017 order according to the payment plan set out in the Court's March 7, 2014 order (ECF No. 201 (requiring Ms. Chipperini "to pay Defendants $1,000 per month" until she had paid in full the amount due to defendants). Her first payment of $1,000 to the defendants shall be due within **thirty** days of the issuance of this order. Future installments of the same amount will be due every **thirty** days thereafter until the sum owed to the defendants is paid in full. Because of the passage of a great deal of time since the Court's original orders were entered and because of the time value of money, the Court is unlikely to extend this deadline. The defendants' motion for sanctions is hereby DENIED WITHOUT PREJUDICE. The defendants may file a motion for contempt should Ms. Chipperini fail to meet the deadline set out in this order.

## II. Background

Ms. Chipperini incurred the first of the costs she now contests in May of 2014 due to her repeated requests to delay the trial in this case on the basis of her allegedly ill health. While she was requesting continuances based on her purported inability to attend the trial, she was also regularly attending several meetings of the Groton Town Council at which she was able to make extensive public comments on various matters. (*See* ECF No. 154). Although I made no findings that anyone had intentionally misled the Court, I determined that the information and representations provided to the Court about Ms. Chipperini's ability to attend the trial were false. (*See* ECF No. 167). As a result of these false impressions, the trial date had been substantially delayed. (*Id.*). In light of this, I ordered the plaintiffs to pay the fees and costs incurred by the defendants in filing their motion bringing these false impressions to the attention of the Court.

(*Id.*; *see also* ECF No. 153). The total amount of the defendants' costs was $3,450.00. (*See* ECF No. 169; ECF No. 170). After this ruling, Ms. Chipperini filed a series of motions attempting to set up a payment plan for paying this amount—I ultimately approved a plan in October of 2014 whereby Ms. Chipperini would pay the defendants $1000 per month until the full amount of sanctions levied against her was satisfied. (ECF No. 201). She did not, however, pay any amount to the defendants.

After the jury verdict in their favor, the defendants filed a motion for a bill of costs, *see* Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."), requesting costs in the amount of $6,166.64. (ECF No. 200). Since the appeals period had not yet expired, I denied the motion without prejudice as premature. (*See* ECF No. 215); D. Conn. L. Civ. R. 54(a)1 ("Any party who seeks costs in the District Court shall, within fourteen (14) days after the District Court judgment becomes final due to the expiration of the appeal period (as defined by Fed. R. App. P. 4) or the issuance of a mandate by a federal appellate Court, file with the Clerk and serve on all other parties a verified bill of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923 and 1924, setting forth each item of costs that is claimed."). The plaintiffs eventually filed an appeal, which included a challenge to the Court's imposition of the sanction on Ms. Chipperini mentioned above. (*See* ECF No. 232 at 5). The Second Circuit affirmed the judgment in its entirety, including the sanction. (*See id.* at 2).

After the judgment was issued, the defendants renewed their motion for costs and added a request for a court order requiring Ms. Chipperini to pay the $3,450.00 in sanctions. (ECF No. 231). I granted the defendants' motion on March 1, 2017, and provided Ms. Chipperini with fourteen days to pay off the costs and sanctions in full. (ECF No. 233). I noted that Ms.

Chipperini's "failure to pay such costs within the time provided" could result in the imposition of further sanctions. (*Id.*). Despite this order, Ms. Chipperini did not pay a penny to the defendants. After two months, the defendants filed a motion for sanctions against Ms. Chipperini for her failure to obey the Court's order. (*See* ECF No. 234). Ms. Chipperini then requested a hearing on the motion for sanctions, (*see* ECF No. 237), which the Court granted. (ECF No. 239). Ms. Chipperini was required to and did file under seal on the docket her tax returns for the last three years. (*See* ECF No. 247, ECF No. 252). A few days before the hearing, which eventually became a telephonic status conference, Ms. Chipperini filed a motion for reconsideration and or relief from sanctions and costs imposed by the Court's March 1 order. (ECF No. 251). After the telephonic status conference, the Court ordered that Ms. Chipperini file various financial information under seal in a notarized affidavit, which she did. (*See* ECF No. 255; ECF No. 258).

## III.  Discussion

### a.  Motion for Reconsideration and or Relief From Sanctions and Costs

For the sake of clarity, Ms. Chipperini's motion will be divided into two distinct issues—her motion for reconsideration of the Court's order requiring her to pay the defendants' costs and her prior sanctions and her motion for relief from costs and sanctions.

#### 1.  Motion for Reconsideration

I begin with Ms. Chipperini's motion for reconsideration, which appears to target both the sanctions imposed upon her in May of 2014 and several other costs incurred by the defendants during the trial. "A motion for reconsideration should be granted only where the moving party can point to controlling decisions or data that the court overlooked, or where necessary to correct a clear error or prevent manifest injustice. . . ." *Dorchester Fin. Holdings*

*Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529 (KMW), 2016 WL 2944685, at *2 (S.D.N.Y. May 19, 2016) (internal quotation marks and citations omitted). The evidence in support of such a motion must be substantial or, "in other words . . . reasonably expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not, however, a mere "opportunity for making new arguments that could have previously been advanced." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)) (internal quotation marks omitted). Finally, a motion for reconsideration must "be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought. . . ." *See* D. Conn. L. Civ. R. 7(c)(1).

As an initial matter, Ms. Chipperini appears to harbor some confusion as to the source of the costs levied upon her. She states that, as she "understand[s] it," she is "being punished in . . possibly four areas as follows": (1) for hiring Norman Benedict as an appraiser;[2] (2) for going to a Groton Town Council meeting when she was very ill; (3) for "subpoenaing the firemen to Court"; and (4) for not appearing at a hearing in response to the defendants' second motion for sanctions. (*See* ECF No. 251 at 1). Only one of these reasons is close to being correct—Ms. Chipperini was sanctioned for delaying the trial repeatedly on the pretense that she was too ill to attend proceedings despite her ability to attend discretionary functions in apparent good spirit. She was not assessed any costs due to the other mentioned items. Also, Ms. Chipperini's assertion that the Court wants her to "pay [the] firemen for their time in Court," (*see* ECF No. 251 at 9), also has no basis in reality. The costs identified by the defendants in their motion

---

[2] Ms. Chipperini argues that the Court erred in denying her "the right to Norman Benedict's appraisal" of her home. (Id. at 4). This argument is not germane to the Court's March 1, 2017 ruling and I therefore do not consider it.

related in part to the cost of the transcripts of the depositions of the various firefighter defendants, along with the appearance fee of the various reporters that took them—they do not include any sort of payment to the firefighters for their testimony. (*See* ECF No. 231-1 at 23-24).

With respect to Ms. Chipperini's arguments against the Court's March 1st order, her motion for reconsideration is untimely. The Court issued its order requiring Ms. Chipperini to pay the costs and sanctions levied against her on March 1, 2017. (ECF No. 233). Ms. Chipperini filed her motion on June 22, 2017, over three months later. (ECF No. 251). This missed deadline "provides sufficient grounds for denying the motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007). Nonetheless, given Ms. Chipperini's representation that her counsel did not tell her about the existence of the motion, (*see* ECF No. 251 at 10-11), I exercise my discretion to consider its merits.

Ms. Chipperini's motion suffers from several flaws, the largest of which is that it contains numerous arguments that are not germane to the Court's March 1, 2017 ruling. Her only arguments that actually take issue with that order contend that the Court erred in charging her for the testimony of the firefighters and that the Court's imposition of sanctions against her in May, 2014 was unfounded. The former point is a nonstarter for the reasons outlined above. Her argument concerning the sanctions issue fares little better. First, her contention is untimely given that the Court issued the sanctions in question over three years ago. Second, Ms. Chipperini attacks the Court's order imposing sanctions upon her by advancing the same arguments the Court rejected at that time. (*See* ECF No. 155, Plaintiff's Show Cause Response, at 1-2 (arguing that Ms. Chipperini's attendance at the various town meetings did not call into question her inability to attend the trial); ECF No. 251 at 5-6 (emphasizing the severity of Ms. Chipperini's

maladies despite her attendance at the various town meetings).  The only new arguments she makes are ones that could have and should have been advanced in her original response to the Court's show cause order.  As such, she cannot rely upon them here.  *See Liberty Media Corp.*, 861 F. Supp. 2d at 265.

I therefore deny Ms. Chipperini's motion for reconsideration of the Court's March 1, 2017 order.

### 2.  Motion for Relief from Sanctions and Costs

Although Ms. Chipperini does not actually advance any arguments concerning her purported indigency in her motion for relief from sanctions and costs, I take such arguments into account given her (now) *pro se* status, her representations to the Court, and her compliance with the Court's orders requiring her to post various financial information under seal.  As an initial matter, I will not reduce the sanctions issued against Ms. Chipperini in May, 2014 for several reasons.  First, the sanctions were imposed against her due to her own misconduct and she has doubled down on defying the Court by refusing to pay any amount to the defendants despite multiple court orders mandating as much.  (*See* ECF No. 201; ECF No. 233).  Second, the Court's initial order mandating that Ms. Chipperini pay the sanctions against the defendants was modeled in part on the payment plan *that she submitted*.  (*See* ECF No. 177 (requesting a payment plan for the sanctions); ECF No. 201 (granting in part the motion for a payment plan).  Despite this, Ms. Chipperini still failed to pay the defendants.  Finally, Ms. Chipperini did not object to the sanctions on indigency grounds in her original objection to them.  (*See* ECF No. 155); *see also Oliphant v. Armstrong*, No. 3:02CV947 PCD/JGM, 2006 WL 273593, at *1 (D. Conn. Feb. 2, 2006) (rejecting plaintiff's motion for relief from sanctions on grounds that indigency did not relieve party from complying with order imposing sanctions and because party

had failed to object to sanctions on indigency grounds). In light of all this, her current plea of indigency strains credulity and, as discussed below, has not been adequately proved.

Turning to the motion for relief from costs, I begin with Fed. R. Civ. P. 54(d)(1), which provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." *See also* D. Conn. L. Civ. R. 54(a)1 ("Any party who seeks costs in the District Court shall, within fourteen (14) days after the District Court judgment becomes final due to the expiration of the appeal period (as defined by Fed.R.App.P. 4) or the issuance of a mandate by a federal appellate Court, file with the Clerk and serve on all other parties a verified bill of costs pursuant to 28 U.S.C. §§ 1821, 1920, 1923 and 1924, setting forth each item of costs that is claimed."). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully* (quoting *Mercy v. County of Suffolk*, 748 F. 2d 52, 54 (2d Cir. 1984)). As a result, the "losing party has the burden to show that costs should not be imposed." *Id.* "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.*; *see also Javier v. Deringer-Ney, Inc.*, 501 Fed. App'x 44, 46 (2d Cir. 2012) (upholding district court's denial of relief from sanctions despite losing party having proceeded in forma pauperis). A party claiming indigency therefore must establish her lack of financial resources with more than conclusory assertions and may not simply rely upon a purported inability to pay future expenses. *See e.g.*, *Pierre v. City of New York*, 05-CV-5018 JFB KAM, 2008 WL 1700441, at *3 (E.D.N.Y. Apr. 9, 2008)("[P]laintiffs' conclusory argument here regarding limited financial resources is insufficient to deny an award of costs.").

Ms. Chipperini has not met her burden of demonstrating her indigency.  Although she avers in her filing to the Court that she has lost nearly three thousand dollars a month since the beginning of 2017, (*see* ECF No. 258 at 1), the fact remains that she holds significant assets. According to the filed documents, Ms. Chipperini holds several rental properties located throughout the State of Connecticut.  (*See* ECF No. 258-8 at 1).  She notes in her listing of expenses that these properties cost her $3,630.71 per month in property taxes.  (*See* ECF No. 258 at 1).  Although the submitted materials do not provide an estimate of the worth of these properties, any one of them would likely sell for an amount orders of magnitude higher than the costs assessed against Ms. Chipperini.  The documents submitted also indicate that, in spite of her claims of poor cash flow, she has been able to pay the expenses associated with these properties including taxes and utilities.  (*See* ECF No. 258-8; ECF No. 258-9; ECF No. 258-6). As a result, I cannot conclude that she is indigent to the point where she could not pay the sanctions and costs assessed against her.  *Contrast Biggs v. Metro-N. Commuter R.R.*, No. 3:09CV00629 WIG, 2013 WL 362892, at *2 (D. Conn. Jan. 30, 2013) (reducing by half the award of costs incurred by losing plaintiff with approximately $43,000 in outstanding medical bills and ongoing medical problems); *D'Attore v. City of New York*, No. 10 CIV. 6646 WHP, 2014 WL 173482, at *2 (S.D.N.Y. Jan. 8, 2014) (reducing by approximately 75 percent the award of costs incurred by a losing plaintiff who had proceeded in forma pauperis and was currently incarcerated); *Guinn v. Commodore Cruise Line, Ltd.*, No. 94 Civ. 5890, 1998 WL 289151, at *1 (S.D.N.Y. June 2, 1998) (reducing an award of costs by $1,000 [36%] based on plaintiff's circumstances-that he was severely injured, unemployed, and living with his mother).

I therefore deny Ms. Chipperini's motion for relief from sanctions and costs.  She shall make payment of the costs allotted to her by the Court's March 1, 2017 order according to the

payment plan set out in the Court's March 7, 2014 order (ECF No. 201 (requiring Ms. Chipperini "to pay Defendants $1,000 per month" until she had paid in full the amount due to defendants). Her first payment of $1,000 to the defendants shall be due within **thirty** days of the issuance of this order.  Future installments of the same amount will be due every **thirty** days thereafter until the sum owed to the defendants is paid in full.

### b.  Motion for Sanctions

"Every district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders.'"  *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013), quoting *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002).  Such a power lies with the discretion of the court.  *Id.*; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (describing the inherent powers of district courts to fashion sanctions in response to misconduct of a party or her counsel).  Here, the defendants move for sanctions against Ms. Chipperini due to her failure to make any payment within the time provided by the Court's March 1, 2017 order.  (*See* ECF No. 234; ECF No. 233 (ordering Ms. Chipperini to pay the full costs allotted against her within fourteen days of the entry of the order)).  Although Ms. Chipperini's misconduct at issue is considerable, I conclude that further sanctions are not yet appropriate.  Ms. Chipperini avers that her counsel never informed her of the Court's March 1 order and that she would have responded had she known of it.  (*See* ECF No. 251 at 10-11).  Further sanctions are therefore not appropriate at this point.

I deny the defendants' motion without prejudice.  If Ms. Chipperini does not meet the deadline for payment provided above, however, the defendants may move for contempt of court.

### IV.    Conclusion

For the reasons discussed above, Ms. Chipperini's motion for reconsideration and or relief from sanctions (ECF No. 251) is hereby DENIED. She is hereby ordered to make payment of the costs allotted to her by the Court's March 1, 2017 order according to the payment plan set out in the Court's March 7, 2014 order (ECF No. 201 (requiring Ms. Chipperini "to pay Defendants $1,000 per month" until she had paid in full the amount due to defendants). Her first payment of $1,000 to the defendants shall be due within **thirty** days of the issuance of this order. Future installments of the same amount will be due every **thirty** days thereafter until the sum owed to the defendants is paid in full, and the Court is unlikely to extend this deadline. The defendants' motion for sanctions (ECF No. 234) is hereby DENIED WITHOUT PREJUDICE. They may file a motion for contempt should Ms. Chipperini fail to meet the deadline set out in this order.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut

                January 10, 2018